ELMINA WEEKS, Plaintiff, v DARRYL T. MACKEY et al., Defendants. (Action No. 1.) DONETTA KEARSE, Respondent, v DARRYL T. MACKEY et al., Defendants, ANTONIO MONTANEZ, Respondent, and ELRAC, INC., et al., Appellants. (Action No. 2.) HECTOR PADILLA et al., Respondents, v DARRYL T. MACKEY et al., Defendants, ANTONIO MONTANEZ, Respondent, and ELRAC, INC., et al., Appellants. (Action No. 3.) EILEEN DENKER, Respondent, v DARRYL T. MACKEY et al., Defendants, ANTONIO

MONTANEZ, Respondent, and ELRAC, INC., et al., Appellants. (Action No. 4.) GERALDO GONZALEZ et al., Plaintiffs, v DARRYL T. MACKEY et al., Defendants. (Action No. 5.) ANTONIO MONTANEZ et al., Plaintiffs, v DARRYL T. MACKEY et al., Defendants. (Action No. 6.) [688 NYS2d 908] —In a consolidated action to recover damages for personal injuries, the defendants Elrac, Inc., and Flor Picado appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated August 28, 1997, as denied their motion for summary judgment dismissing the plaintiffs' complaints and any cross claims insofar as asserted against them in Action Nos. 2, 3, and 4.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

Material issues of fact exist as to whether the appellants' illegally-parked car was a proximate cause of the plaintiffs' injuries sustained as a result of a multi-vehicle accident on the New York State Thruway (*see, Zuckerman v City of New York,* 49 NY2d 557; *Ferguson v Gassman,* 229 AD2d 464, 465; *Sullivan v Locastro,* 178 AD2d 523, 525). Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment. Bracken, J. P., Thompson, Joy and Luciano, JJ., concur.