■ Daniel G. O'Sullivan, Respondent, v Minjae Kim et al., Respondents, and Jun Yong Kim et al., Appellants. (Appeal No. 1.) Daniel G. O'Sullivan, Respondent, v Minjae Kim et al., Respondents, and Francesca D'Amico, Appellant. (Appeal No. 2.) [741 NYS2d 417] —In an action to recover damages for personal injuries, (1) the defendants Jun Yong Kim and Ho Gyon Jeong appeal from an order of the Supreme Court, Queens County (Price, J.), dated January 17, 2001, and (2) the defendant Francesca D'Amico separately appeals from an order of the same court, dated March 14, 2001, which denied her mo-

tion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the appeal from the order dated January 17, 2001, is dismissed as abandoned; and it is further,

Ordered that the order dated March 14, 2001, is affirmed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs payable by the appellant in appeal No. 2, Francesca D'Amico.

A vehicle operated by the defendant Francesca D'Amico collided with a vehicle operated by the defendant Minjae Kim and owned by the defendant Young Ho Kim on the Grand Central Parkway. As a result of the impact, the D'Amico vehicle stopped by the divider and protruded out onto one of the Parkway's lanes. D'Amico exited the vehicle but never attempted to move it. Shortly thereafter, the plaintiff, an off-duty police officer, stopped his car and sought to render aid but was seriously injured during another collision. At her deposition, D'Amico testified that she was simply rear-ended by Minjae Kim and did not see his vehicle before the accident. D'Amico also testified that she never attempted to change lanes. However, Minjae Kim testified at his deposition that D'Amico signaled and tried to make a "gradual" change into his lane. D'Amico moved for summary judgment arguing that under either version of the accident she was not negligent and further, that she could not move her car after the initial collision because it was totaled. The Supreme Court denied the motion. We affirm.

There are issues of fact as to whether D'Amico negligently changed lanes (see Vehicle and Traffic Law §§ 1122-1124, 1128; Ferrara v Castro, 283 AD2d 392), and negligently failed to remove her vehicle from the roadway (see Traffic Rules and Regs of City of NY [34 RCNY] § 4-08 [e]) and further, whether either instance of negligence, if any, proximately caused the plaintiff's injuries (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 314; Megally v LaPorta, 253 AD2d 35, 42). Accordingly, the Supreme Court properly denied D'Amico's motion for summary judgment. Santucci, J.P., Florio, Smith and Schmidt, JJ., concur.