■ MOHAMMED ELTAHAN, Appellant, v JOHN J. REJOUIS, Respondent, et al., Defendants. (And a Third-Party Action.) [776 NYS2d 833]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 26, 2003, as granted that branch of the motion of the defendant John J. Rejouis which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the respondent.

The vehicle operated by John J. Rejouis swerved across a lane and into the cement median divider of the Brooklyn-Queens Expressway after being sideswiped. It came to rest about 15 to 30 feet past a sharp curve in the roadway, positioned at a 40 degree angle to the median divider, with its left fender impacted against the divider and its body extending out, blocking two lanes of moving traffic. Several other impacts by other vehicles ensued, one of which involved the taxicab in which the plaintiff, Mohammed Eltahan, was a passenger.

The Supreme Court granted Rejouis' motion for summary judgment. The plaintiff contends, in essence, that Rejouis failed to meet his initial burden of demonstrating that his failure to attempt to remove his vehicle from the dangerous place in which it had come to rest was not negligent (*see* New York City Traffic Rules and Regulations [34 RCNY] 4-08 [a] [1]; [e] [1], [8]; *O'Sullivan v Minjae Kim,* 293 AD2d 728 [2002]). The plaintiff correctly contends that it was Rejouis's burden to prove that his vehicle was disabled or that he was unable to move it before the next impact occurred, and Rejouis failed to do this (*see O'Sullivan v Minjae Kim, supra*).

Accordingly, Rejouis's motion for summary judgment should have been denied (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.