■ NICHOLAS HARTUNG, Plaintiff, v CARA ELIZABETH LINDSLEY et al., Respondents, and MERRILL K. MORRIS et al., Appellants. [786 NYS2d 334]—

In an action to recover damages for personal injuries, the defendants Merrill K. Morris and BMW Financial Services appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated May 15, 2003, as granted those branches of the motion of the defendant Marilyn Corso, the cross motion of the defendants Cara Elizabeth Lindsley and Robert O. Lindsley, and the separate cross motion of the defendants Donato Velez, Jr., and Jacqueline M. Smith which were for summary judgment dismissing the complaint insofar as asserted against them and all cross claims insofar as asserted against them by the defendants Merrill K. Morris and BMW Financial Services.

Ordered that the appeal from so much of the order as granted those branches of the motion and cross motions which were for summary judgment dismissing the complaint insofar as asserted against the respondents is dismissed, as the appellants are not aggrieved by those portions of the order; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, with one bill of costs payable by the respondents appearing

separately and filing separate briefs, those branches of the motion and cross motions which were for summary judgment dismissing all cross claims insofar as asserted against the defendants Marilyn Corso, Cara Elizabeth Lindsley, Robert O. Lindsley, Donato Velez, Jr., and Jacqueline M. Smith by the appellants are denied, and those cross claims are reinstated.

The plaintiff commenced this action against, among others, the respondents Marilyn Corso, Cara Elizabeth Lindsley, and Donato Velez, Jr., and the appellant Merrill K. Morris, to recover damages for personal injuries which he allegedly sustained in a four-vehicle, rear-end, chain-reaction collision on a highway leading from the George Washington Bridge to the Harlem River Drive. The plaintiff was standing between two vehicles that had been involved in a minor traffic accident minutes earlier. The first and second vehicles had pulled over into either the right traffic lane or the shoulder of the highway, when a third vehicle was hit in the rear by a fourth vehicle operated by Morris and owned by the appellant BMW Financial Services. The Supreme Court granted the motion and cross motions of the respondents for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that the presence of the stopped vehicles in the roadway merely furnished the condition or occasion for the accident, but was not a proximate cause of it. We reverse insofar as reviewed.

The respondents failed to establish their prima facie entitlement to judgment as a matter of law (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). There are issues of fact as to whether Corso, Lindsley, and Velez were negligent in stopping their operable vehicles in the traffic lane or shoulder of the highway following the minor accident involving their vehicles (*see* Traffic Rules and Regulations of City of NY [34 RCNY] § 4-08 [a] [5]; [e] [1]; *see also Ricchiazzi v Gray*, 5 AD3d 1085 [2004]; *Eltahan v Rejouis*, 7 AD3d 660 [2004]), and, if so, whether such negligence proximately caused the plaintiff's injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314 [1980]; *O'Sullivan v Minjae Kim*, 293 AD2d 728 [2002]; *Weeks v Mackey*, 261 AD2d 536 [1999]; *Bertrand v Vingan*, 249 AD2d 13 [1998]). Accordingly, those branches of the motion and cross motions which were for summary judgment dismissing the cross claims insofar as asserted against the respondents should have been denied. S. Miller, J.P., Krausman, Spolzino and Lifson, JJ., concur.