■ JACK CUCCI, Respondent, v JOHN CUCCI, Appellant. [819 NYS2d 88]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated October 15, 2004, which denied his motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the interlocutory judgment dated November 29, 2004 is vacated.

The Supreme Court erred in granting the plaintiff's cross motion on the basis of the unpleaded and unargued doctrine of res ipsa loquitur. This doctrine is only "a rule of evidence which merely provides a permissible inference of negligence rather than a presumption" (*Capolongo v Giant Carpet,* 292 AD2d 331 [2002]). As the Court of Appeals recently held in *Morejon v Rais Constr. Co.* (7 NY3d 203, 209 [2006]), "only in the rarest of res ipsa loquitur cases may a plaintiff win summary judgment . . . That would happen only when the plaintiff's circumstantial proof is so convincing and the defendant's response so weak that the inference of defendant's negligence is inescapable." This case is not one of those "rarest" of cases. Accordingly, the plaintiff's cross motion for summary judgment on the issue of liability should have been denied.

The defendant, however, failed to demonstrate, prima facie, that he was not negligent or that his alleged negligence was not a proximate cause of the plaintiff's injuries (*see generally Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]; *Spallone v Petroleum Heat & Power Co., Inc.,* 17 AD3d 569, 570 [2005]; *Hartung v Lindsley,* 13 AD3d 582, 583 [2004]). Consequently, the Supreme Court correctly denied his motion for summary judgment dismissing the complaint (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Schmidt, J.P., Crane, Santucci and Spolzino, JJ., concur.