■ BASS & ULLMAN, Formerly BASS, ULLMAN & LUSTIGMAN, Plaintiff, v NORMAN CHANES, Defendant. NORMAN CHANES et al., Appellants, v SHELDON LUSTIGMAN et al., Respondents.— Order, Supreme Court, New York County (Eugene L. Nardelli, J.), entered April 11, 1991, to the extent it granted the Bass & Ullman defendants' cross-motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs and disbursements, and said cross-motion denied.

In this legal malpractice action, based on a law firm's alleged negligent review and approval of advertising copy in connection with the clients' mail order business, the IAS Court found that the claims were time-barred, the action having been commenced on April 23, 1987, more than three years (see, CPLR 214 [6]) after the last act of alleged malpractice as set forth in the clients' bill of particulars. Contrary to the IAS Court's determination, we find that the continuous representation doctrine applies. The law firm's representation with respect to the matter out of which the malpractice claims arise, i.e., the review and approval of advertising copy, continued, as this record shows, until July 1985, well within the three-year period immediately prior to the commencement of the within action. The retention, sometime after July 1983, of independent counsel to represent the clients in the criminal prosecution hardly signalled the end of the attorney-client relationship, as is claimed. Indeed, the record shows that the law firm encouraged the selection of independent counsel and participated in meetings with him and the client regarding the defense of the criminal fraud charges, which were an outgrowth of the clients' use of the advertising copy reviewed by the law firm.

The law firm also argues that the assertion of a malpractice claim is barred by the individual plaintiff's guilty plea to customs and mail fraud regarding certain advertisements with respect to one of the clients' products. Carmel v Lunney (70 NY2d 169), upon which the law firm relies, does not support its claim since the preclusive effect of that decision applies only to negligent representation in a criminal proceeding. The claim here is that the law firm's negligence in reviewing advertising copy directly injured the clients in their business.

We have examined the law firm's other arguments in support of the IAS Court's determination and find that they are

unpreserved or without merit. Concur—Sullivan, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.