■ LOUIS J. MALPESO, Appellant, v BURSTEIN & FASS et al., Respondents. [684 NYS2d 201] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered October 31, 1997, which, insofar as appealed from as limited by plaintiff's brief, granted defendant's motion to dismiss plaintiff's cause of action for legal malpractice for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiff's claim of legal malpractice based on defendants' representation of him at a bail hearing is precluded as a mat-

ter of law by his guilty plea (*Carmel v Lunney*, 70 NY2d 169). We reject plaintiff's argument that *Carmel* does not apply where, as here, no claim is made that the alleged malpractice induced, or otherwise had any causal effect on, plaintiff's ultimate conviction. *Carmel* is clear that it is public policy that prevents the maintenance of a legal malpractice action arising from negligent representation in a criminal proceeding by a plaintiff who cannot assert his innocence, and that the causal effect, or lack thereof, of the alleged malpractice on the plaintiff's conviction is irrelevant (*supra*, at 173-174). *Bass & Ullman v Chanes* (185 AD2d 750) is distinguishable, since there the alleged malpractice in reviewing advertising copy that allegedly caused the plaintiff's subsequent indictment for and guilty plea to customs and mail fraud did not occur in the context of a criminal proceeding. Concur—Williams, J. P., Wallach, Andrias and Saxe, JJ.