■ In the Matter of EDWARD SWAIN, Appellant, v COUNTY OF ALBANY, Respondent. [702 NYS2d 175] —Mercure, J. Appeal from an order of the Supreme Court (Teresi, J.), entered October 13, 1998 in Albany County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

In October 1993, petitioner was convicted in Albany County Court of criminal possession of a controlled substance in the fifth degree; he was sentenced to a prison term of 3½ to 7 years. On December 9, 1993, the Albany County Public

Defender's office filed a notice of appeal on petitioner's behalf. Petitioner applied to this Court for the assignment of appellate counsel pursuant to County Law § 722. This Court requested that the Public Defender suggest an attorney to represent petitioner. The Public Defender suggested an attorney, and on February 14, 1994 that attorney was assigned to represent petitioner in connection with his appeal. The attorney failed to perfect the appeal for a period of three years following the assignment, however, and on February 5, 1997 this Court replaced the attorney with another attorney, who perfected the appeal approximately two weeks thereafter. By decision rendered July 17, 1997, this Court reversed petitioner's conviction and dismissed the indictment against him (*People v Swain*, 241 AD2d 695). By that time, petitioner had satisfied his minimum period of imprisonment and been released on parole supervision.

On June 12, 1998, petitioner applied for leave to file a late notice of claim against respondent pursuant to General Municipal Law § 50-e (5), alleging respondent's negligence in, among other things, failing to furnish "competent and diligent" appellate counsel, negligent evaluation, selection and screening of appellate counsel, failure to monitor or supervise the activity of appellate counsel or to timely replace the attorney who had been assigned, and in failing to perfect petitioner's appeal for approximately 40 months following his conviction. Although concluding that the claim was not "patently meritless", Supreme Court denied the application as untimely upon its finding that the one year and 90-day Statute of Limitations set forth in General Municipal Law § 50-i (1) (c) had expired. Petitioner appeals.

We affirm, but for reasons very different than those expressed by Supreme Court. Initially, it is our view that the court erred in its determination concerning the date of accrual of petitioner's claim against respondent. The Court of Appeals has held that, as a matter of public policy, an undisturbed determination of a person's guilt in a criminal prosecution precludes that person as a matter of law from recovering for civil damages flowing from allegedly negligent representation (*see, Carmel v Lunney*, 70 NY2d 169, 171, 173; *Malpeso v Burstein & Fass*, 257 AD2d 476). The fact that respondent's alleged negligence did not contribute to petitioner's criminal conviction is irrelevant (*see, Malpeso v Burstein & Fass, supra*, at 477). Under the rule pronounced in *Carmel v Lunney* (*supra*), until the plaintiff was able to successfully challenge his criminal conviction, thereby permitting him to assert and establish his in-

nocence, he was legally precluded from asserting any claim of negligent representation in connection with the criminal proceeding (*see, id.*; *Pfeiffer v Hoffman*, 251 AD2d 94; *Gill v Blau*, 234 AD2d 506; *Doyle v Ruskin*, 230 AD2d 888, *appeal dismissed* 90 NY2d 883). It necessarily follows that petitioner's cause of action against respondent could not have accrued before July 17, 1997, the date of this Court's decision reversing the judgment of conviction and dismissing the indictment against petitioner (*see, Carmel v Lunney, supra*, at 173; *Britt v Legal Aid Socy.*, NYLJ, Dec. 21, 1998, at 28, col 5 [Sup Ct, NY County, Dec. 21, 1998, Huff, J.]). Therefore, the Statute of Limitations had not run at the time of petitioner's June 12, 1998 application for leave to file a late notice of claim, and Supreme Court had discretion to extend the time for service of the proposed notice of claim (*see*, General Municipal Law § 50-e [5]; *Matter of Scuteri v Watkins Glen Cent. School Dist.*, 261 AD2d 779; *Kavanaugh v Memorial Hosp. & Nursing Home*, 126 AD2d 930, 931).

The foregoing analysis does not assist petitioner, however, because it is our further view that Supreme Court erred in its conclusion that petitioner's proposed claim is not "patently meritless" (*see, Matter of Finneran v City of New York*, 228 AD2d 596, 597; *Matter of Katz v Town of Bedford*, 192 AD2d 707, 708; *cf., Weiss v City of New York*, 237 AD2d 212, 213). Respondent's sole involvement in the appeal from petitioner's criminal conviction was to timely comply with this Court's request that it "suggest the name of an attorney to be assigned by the Court". In so doing, respondent fully satisfied its obligations under County Law § 722. The actual appointment was made by this Court on February 14, 1994, and from that point forward respondent had no duty (or, for that matter, authority) to monitor, supervise or replace the counsel so appointed. We therefore conclude that petitioner's proposed claim is patently meritless and "it would make little sense to grant him permission to serve a late notice of claim against [respondent]" (*Matter of Finneran v City of New York, supra*, at 597; *see, Matter of Katz v Town of Bedford, supra*, at 708). We therefore affirm Supreme Court's order denying petitioner's application.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.