■ ROOSEVELT THOMAS, Appellant, v HALMAR BUILDERS OF NEW YORK, INC., Defendant and Third-Party Plaintiff-Respondent. SAFETY MARKING, INC., Third-Party Defendant-Respondent. [736 NYS2d 404] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered December 20, 2000, as granted the cross motion of the defendant third-party plaintiff, Halmar Builders of New York, Inc., for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

On August 31, 1996, at approximately 6:00 P.M., a vehicle operated by the plaintiff, Roosevelt Thomas, was heading north on the Saw Mill River Parkway, a four-lane parkway consisting of two southbound and two northbound lanes. The plaintiff testified that he had driven on this particular section of the parkway every day for nine months before the accident. At the time of the accident, the plaintiff was traveling at approximately 55 miles per hour in an area where he observed a permanent sign posting a speed limit of 50 miles per hour.

The plaintiff further testified that as he was driving, he observed a sign reading "Men at Work" on the right side of the road approximately 200 to 300 feet before the site of the accident. The plaintiff also testified that, on two occasions, he moved from the right lane into the left lane to pass vehicles. While in the left lane attempting to pass another vehicle, he was allegedly cut off by an unidentified vehicle. The plaintiff

applied his brakes, turned his wheel to the right, lost control of his vehicle, and hit a temporary concrete barrier on the right shoulder of the parkway at a 45 degree angle. The plaintiff saw this barrier on the right side shortly before the accident. Although the plaintiff stated he could not recall if he left skid marks on the road where the accident occurred, an employee of the New York State Department of Transportation testified that he estimated the length of the plaintiff's skid marks to be 120 to 140 feet.

There was ongoing construction at the site of the accident, part of a reconstruction project involving replacement of bridges over the parkway. The defendant, Halmar Builders of New York, Inc. (hereinafter Halmar), was the general contractor on the project and the third-party defendant Safety Marking, Inc., was responsible for placing temporary traffic markings on the parkway.

The plaintiff commenced this action against Halmar alleging, among other things, that his injuries were caused by Halmar which created a dangerous condition by negligently placing the concrete barrier on the right shoulder of the roadway.

The Supreme Court properly dismissed the complaint, as Halmar established a prima facie case entitling it to summary judgment by showing that it was the manner in which the plaintiff's vehicle was operated that was the proximate cause of the accident (cf., Tomassi v Town of Union, 46 NY2d 91; Muhlrad v Town of Goshen, 231 AD2d 615). The plaintiff failed to raise a triable issue of fact that Halmar's placement of the concrete barrier was a proximate cause of the accident. Altman, J.P., Feuerstein, McGinity and H. Miller, JJ., concur.