■ STEVEN BROWN et al., Appellants, v COUNTY OF DUTCHESS, Respondent. [772 NYS2d 607]—

In an action to recover damages for personal injuries and wrongful death, etc., the plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Hillery, J.), dated January 15, 2003, which, upon an order of the same court dated November 27, 2002, inter alia, granting the defendant's motion for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Steven Brown was driving west on CR-19, a two-lane, curvy road in County of Dutchess consisting of one westbound and one eastbound lane. The plaintiff's decedent, his wife, was sitting in the front passenger seat. At the time of the accident, Brown was traveling at 35 miles-per-hour in an area of the roadway where the posted speed limit was 30 miles-per-hour. Brown testified that he saw a patch of white sand, three quarters of an inch thick, approximately 100 yards away in his lane of travel. Brown approximated that the sand encompassed a two-foot square area which started about 12 inches from the white fog line along the right shoulder of the road. Each lane of the subject roadway was approximately 10 feet wide. Brown did not slow down as he approached the sand. He testified that just

before he reached the sand, he could see approximately 50 yards ahead and he saw no cars approaching him or traveling behind him. As he proceeded along the straightaway portion of the road, his right front tire encountered the sand and the car crossed over the double yellow line, and struck a rock embankment approximately eight feet south of the shoulder on the eastbound lane. Brown further testified that moving the vehicle around the sand was not an option because "there was no way [he] could know if there was a car coming in the other direction."

The plaintiffs commenced this action against the defendant alleging, inter alia, that their injuries were proximately caused by the defendant's failure to maintain the roadway in a reasonably safe condition.

The Supreme Court properly granted summary judgment dismissing the complaint, as the defendant established a prima facie case entitling it to summary judgment by showing that it was the manner in which the plaintiffs' vehicle was operated that was the proximate cause of the accident (*see Tomassi v Town of Union*, 46 NY2d 91, 98 [1978]; *Clark v State of New York*, 250 AD2d 569 [1998]; *Andrews v State of New York*, 168 AD2d 474 [1990]). The affidavit of the plaintiffs' expert, submitted in opposition, failed to raise a triable issue of fact that the defendant's alleged negligence in maintaining the roadway in a reasonably safe condition was the proximate cause of the accident (*see Tomassi v Town of Union, supra* at 98). In any event, the plaintiff failed to present evidence sufficient to raise a triable issue of fact in opposition to the defendant's showing that it did not have prior written notice of the sand condition and that no exception to the written notice requirement applied (*see Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Estrada v City of New York*, 273 AD2d 194 [2000]). Smith, J.P., Goldstein, H. Miller and Townes, JJ., concur.