■ NICOLE FICARRA et al., Respondents, v STUART I. PARKER et al., Defendants, and COUNTY OF SUFFOLK et al., Appellants. [777 NYS2d 704]—

In an action to recover damages for personal injuries, etc., the defendants County of Suffolk and Long Island Lighting Company separately appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 4, 2003, which denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motions are granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

On April 22, 1994, at approximately 4:15 P.M., the infant plaintiff Nicole Ficarra was a passenger in a vehicle traveling north in the lefthand lane of Straight Path Road in Suffolk County. As the vehicle crossed through the intersection of Straight Path Road and 35th Street, the driver of the car, the defendant Paul Ficarra (hereinafter Ficarra), turned the wheel sharply toward the right, allegedly to avoid colliding with a car driven by the defendant Daniel Parker. Ficarra lost control of his vehicle and it began to skid diagonally across the right northbound lane and shoulder. The vehicle mounted a six-inch-high curb and struck a utility pole located 20 inches behind the curb. The infant plaintiff allegedly was injured as a result of the collision with the utility pole.

The plaintiffs commenced this action against, among others, the defendant County of Suffolk, the owner of the road where the utility pole was located, and the defendant Long Island Lighting Company (hereinafter LILCO), the owner of the pole, alleging that the negligent placement of the pole was a proximate cause of the infant plaintiff's injuries. The County and LILCO separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motions. We reverse.

The County and LILCO established their prima facie entitlements to summary judgment dismissing the complaint insofar as asserted against them by demonstrating that the proximate cause of the accident was the manner in which Ficarra and Parker drove their vehicles (*see Tomassi v Town of Union,* 46 NY2d

91 [1978]; *Thomas v Halmar Bldrs. of N.Y.*, 290 AD2d 502 [2002]; *Ciasullo v Town of Greenville*, 275 AD2d 338 [2000]). In opposition, the plaintiffs failed to raise an issue of fact as to whether the placement of the pole was a proximate cause of the accident. Thus, the Supreme Court should have granted the appellants' separate motions for summary judgment dismissing the complaint insofar as asserted against them.

In light of this determination, we do not reach the parties' remaining contentions. Santucci, J.P., Smith, Crane and Fisher, JJ., concur.