■ THOMAS M. IURATO et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants, and AIRTEK ENVIRONMENTAL CORP., Appellant. URS GREINER WOODWARD-CLYDE GROUP CONSULTANTS, Sued Herein as URS CORPORATION, Third-Party Plaintiff, v ABAX, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [780 NYS2d 330]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered August 1, 2003, which denied defendant-appellant Airtek Environmental Corp.'s motion for summary judgment seeking dismissal of the complaint and any cross claims asserted against it, unanimously reversed, on the law, without costs, the motion granted and the complaint and cross claims asserted against Airtek dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant Airtek dismissing the complaint and any cross claims asserted against it.

Plaintiff Thomas Iurato commenced the instant action for personal injuries sustained while working on a construction project at a public school in Brooklyn. At the time he was injured, plaintiff was employed as an electrician by third-party defendant Five Star Electric Corp. Also named as defendants or third-party defendants are the City of New York, the owner of the property, URS Greiner Woodward-Clyde Group Consultants (URS), the construction manager, Airtek, the environmental contractor, and Abax, Inc., the asbestos contractor.

On the day plaintiff was injured, he was working on a ladder performing his electrician duties. The ladder had been placed on certain "polyplastic" floor covering in accordance with a new protocol issued by the City's Department of Design and Construction (DDC). DDC had become concerned about the proliferation of dust resulting from drilling during school construction projects, and, consequently, it imposed a new "dust protocol" which required that the polyplastic covering be placed on the floor and walls in the area surrounding the drilling site. According to plaintiff's complaint and bill of particulars, defendant Airtek was negligent and created a dangerous condition by placing or causing to be placed the plastic, slippery covering on the floor, causing plaintiff Iurato's ladder to fall.

Defendant Airtek was the environmental testing contractor on the project, and part of its duties involved reporting to URS any violations of the dust protocol by the contractors, i.e., any instances where contractors failed to use plastic covering in drilling areas. After discovery, Airtek moved for summary judgment, arguing, inter alia, that it played no role in placing the plastic sheeting at the work site or in developing the dust protocol. Rather, its role was limited to reporting any deviations from the dust protocol to URS, the construction manager, for appropriate action. In opposition, defendant Abax argued that Airtek's admission that one of its responsibilities was to ensure that the dust protocol was followed created an issue of fact as to whether Airtek was "responsible for, directed, supervised, and controlled the use of the plastic involved in the alleged incident."

Supreme Court denied Airtek's motion, concluding that the "conflicting deposition testimony among the witnesses" raised an issue of fact as to "what role, if any, Airtek had in controlling, supervising, directing, or supplying the poly plastic that was placed on the ground" underneath plaintiff's ladder. We reverse.

In order to satisfy its initial burden on the motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]),

Airtek submitted admissible evidence showing that it did not purchase the plastic covering, that it did not instruct anyone on how to place it and that it played no role in actually placing the plastic covering at the work site. In fact, the daily logs of both Airtek and URS support Airtek's claim of noninvolvement, and actually suggest that another contractor was the party who laid down the plastic. In addition, Airtek demonstrated that DDC was the sole source of this protocol and was the party demanding its enforcement. Given these facts, Airtek established that it did not create, or cause to be created, the dangerous condition that allegedly caused plaintiff's injuries.

In opposition, Abax failed to raise a triable issue of fact as to Airtek's responsibility for the dangerous condition. Plaintiff's deposition testimony that he "think[s] someone mentioned that [the persons who put down the plastic covering] were from Airtek," was not only vague and speculative, but also pure hearsay, which alone is insufficient to defeat summary judgment (*see Rodriguez v Sixth President, Inc.*, 4 AD3d 406, 407 [2004]).

In addition, Airtek's duty to report any deviations from the dust protocol in order to ensure compliance therewith cannot be equated with the creation of the allegedly dangerous condition. Unlike the cases cited by Abax (*see Bush v Gregory/Madison Ave. LLC*, 308 AD2d 360, 361 [2003]; *Freitas v New York City Tr. Auth.*, 249 AD2d 184, 186 [1998]), Airtek's reporting responsibilities did not include the supervision or control over the work being performed by the plaintiff such that liability may ensue.

Accordingly, since DDC was the source of the obligation in the protocol, and Airtek's duty was merely to report any deviations to URS for appropriate action, the motion court erred in finding an issue of fact as to Airtek's role in controlling or directing the placement of the plastic sheeting. Airtek's motion for summary judgment should have been granted and the complaint and cross claims dismissed as against it. Concur—Nardelli, J.P., Lerner, Friedman and Gonzalez, JJ.