■ EROL HALILI, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [814 NYS2d 217]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated May 11, 2005, as granted the defendant City of New York's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was riding his motorcycle on the Cross Island Parkway when he approached an underpass. As the plaintiff neared the underpass, he felt the rear tire of his motorcycle begin to slide because there was sand on the roadway. The front tire of the plaintiff's motorcycle then hit a bump, and the plaintiff and his motorcycle were thrown into the wall of the underpass. Upon striking the wall, the plaintiff came into contact with the metal lock cover of a "control cabinet" which contains electrical components that control lighting on the highway. The plaintiff subsequently commenced this action against several parties, including the City of New York, contending that the negligent placement of the lock cover which protruded away from the door of the control cabinet was a proximate cause of his accident.

The City established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the plaintiff lost control of his motorcycle because of the presence of sand and/or a bump in the roadway, and that it had no prior written notice of these conditions. The plaintiff's speculative assertion that he might have been able to regain control of his motorcycle after being thrown against the wall of the overpass if the lock cover had not protruded away from the door of the control cabinet was insufficient to raise an issue of fact as to whether the allegedly negligent placement of the lock cover was a proximate cause of the accident. Accordingly, the Supreme Court properly granted the City's motion for summary judgment (*see Owens v Campbell*, 16 AD3d 1000 [2005]; *Ficarra v Parker*, 8 AD3d 333 [2004]; *Leggio v Gearhart*, 294 AD2d 543 [2002]; *Thomas v Halmar Bldrs. of N.Y.*, 290 AD2d 502 [2002]; *Beecher v Northern Men's Sauna*, 272 AD2d 281 [2000]). Krausman, J.P., Mastro, Fisher and Covello, JJ., concur.