THOMAS H. FORREST, JR., Appellant, v BERLIN CENTRAL SCHOOL DISTRICT, Respondent. [815 NYS2d 774]—

Per Curiam. Appeal from an order of the Supreme Court (Canfield, J.), entered January 13, 2004 in Rensselaer County, which, inter alia, denied plaintiff's motion for leave to file a late notice of claim.

Plaintiff alleges that he was defamed by defendant's employees on October 9, 2002 when they reported a situation involving plaintiff's son to Child Protective Services. In February 2003, plaintiff incorrectly filed a notice of claim with the County Clerk and purchased an index number. Based on his alleged misunderstanding of the law, plaintiff did not serve the notice of claim on defendant until October 8, 2003. He subsequently moved for leave to file a late notice of claim and for leave to file a summons and amended complaint. Supreme Court denied the motion, prompting this appeal.

Supreme Court did not abuse its discretion in denying plaintiff's motion for leave to file and serve a late notice of claim. The determination of such a motion is discretionary and

involves consideration of several factors including, as relevant here, whether defendant acquired actual knowledge of the facts essential to the claim within 90 days after its accrual, any reasonable excuse offered for delay in filing and prejudice to defendant due to the late notice (*see* General Municipal Law § 50-e [5]; *Matter of Roberts v County of Rensselaer*, 16 AD3d 829, 829 [2005]; *Hewitt v County of Rensselaer*, 6 AD3d 842, 843-844 [2004]). Although defendant was aware that its employees made a report that plaintiff potentially neglected his child, and that plaintiff disagreed with that report, defendant was not aware of the facts alleged by plaintiff to support his claim, namely that this report was false and made with malice, thereby defaming plaintiff and causing him emotional injuries (*cf. Hewitt v County of Rensselaer, supra* at 844; *Pryor v Serrano*, 305 AD2d 717, 719 [2003]). Without such awareness, defendant had no reason to conduct an investigation. Defendant suffered prejudice as a result of this loss of opportunity to promptly and thoroughly investigate, which was compounded by the fact that the employee who signed the report was no longer employed by defendant when the motion was made (*see Matter of Spaulding v Cobleskill-Richmondville Cent. School Dist.*, 289 AD2d 860, 861 [2001]). Plaintiff's excuse for late service—that he incorrectly believed from his experience in small claims court and family court that the clerk would serve defendant—is unacceptable; ignorance of the filing requirement is not a satisfactory excuse (*see Matter of Smith v Otselic Val. Cent. School Dist.*, 302 AD2d 665, 665 [2003]). Even so, plaintiff provided no acceptable reason for the delay of several months after he learned of his mistake (*see id.*).

In any event, leave to file a late notice of claim is not appropriate for a patently meritless claim (*see Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179 [2004]; *Matter of Swain v County of Albany*, 268 AD2d 747, 749 [2000], *lv denied* 94 NY2d 764 [2000]). Mandatory reporters, including defendant's employees, are granted immunity from liability for making good faith child protective reports, such good faith is presumed (*see* Social Services Law § 419; *Lentini v Page*, 5 AD3d 914, 915 [2004]), and the record fails to support plaintiff's conclusory accusations that defendant's employees filed the report in bad faith. Thus, permitting plaintiff to serve a late notice of claim would have been an exercise in futility (*see Matter of Swain v County of Albany, supra* at 749).

Crew III, J.P., Peters, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.