■ ANDREW LASTUVKA, Respondent, v KIM E. PEARSON et al., Respondents, and P.C. RICHARD & SON LONG ISLAND CORPORATION et al., Appellants. [820 NYS2d 630]—

In an action to recover damages for personal injuries, the defendants P.C. Richard & Son Long Island Corporation, P.C. Richard & Son, LLC, P.C. Richard & Son Service Company, Inc., and A. J. Richard & Sons, Inc., appeal from an order of the Supreme Court, Suffolk County (Whelan, J.), dated May 3, 2005, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff was riding on a motorcycle when it allegedly was "clipped" by a jeep operated by the defendant Kim E. Pearson, which allegedly forced the plaintiff to leave the roadway and slide onto a grassy area beyond a curb and strike a wooden post of a sign erected by the appellants.

The plaintiff commenced this action against, among others, the appellants, alleging that his injuries were caused by the placement of the sign, which had been negligently erected without municipal approval. The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion. We reverse.

The appellants established their prima facie entitlement to summary judgment by demonstrating that the proximate cause of the accident was the manner in which the subject vehicles

were operated. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the placement of the sign was a proximate cause of the accident (*see Tomassi v Town of Union,* 46 NY2d 91 [1978]; *Ficarra v Parker,* 8 AD3d 333 [2004]; *Thomas v Halmar Bldrs. of N.Y.,* 290 AD2d 502 [2002]). Miller, J.P., Schmidt, Mastro and Lunn, JJ., concur.