GREGORY BOOMER, Appellant, v JAMES E. GROSS, Respondent. [825 NYS2d 171]—

Carpinello, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered May 24, 2005 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

In 1994, plaintiff was convicted of, among other crimes, attempted murder (*People v Boomer*, 230 AD2d 941 [1996], *lv denied* 89 NY2d 919 [1996]; *People v Boomer*, 220 AD2d 833 [1995]). Defendant is an attorney to whom plaintiff's stepfather paid $1,000 in 2001 "to assist" plaintiff in the filing of a CPL article 440 motion challenging these convictions. Defendant contends that after investigating the matter, he determined that any such application would be meritless and offered to return "some or all" of the money. Notwithstanding, plaintiff filed the instant action for, among other causes of action, legal malpractice. Plaintiff now appeals from an order of Supreme Court which granted defendant's motion for summary judgment dismissing the complaint.

In dismissing the action, Supreme Court relied on the well-settled principle that any action for legal malpractice arising out of a criminal case is barred so long as the determination of guilt is undisturbed (*see Carmel v Lunney*, 70 NY2d 169, 173 [1987]). Plaintiff primarily contends that this reliance was in error. Specifically, he argues that this rule is applicable only to legal representation which occurs "during trial." We find no such limitation in the rule which has been consistently applied to alleged malpractice occurring outside of the actual trial (*see e.g. Rosado v Legal Aid Socy.*, 12 AD3d 356 [2004]; *Matter of Swain v County of Albany*, 268 AD2d 747 [2000], *lv denied* 94

NY2d 764 [2000]; *Malpeso v Burstein & Fass*, 257 AD2d 476 [1999]). Indeed, we have noted that "[t]he fact that [the] alleged negligence did not contribute to petitioner's criminal conviction is irrelevant" (*Matter of Swain v County of Albany, supra* at 748).

Plaintiff's remaining contentions have been reviewed and rejected as without merit.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.