CINDIJO MILLER, Individually and as Administrator of the Estate of WILLIAM MANY, JR., et al., Appellants, v COUNTY OF SULLIVAN et al., Defendants, and TOWN OF FALLSBURG, Respondent. [827 NYS2d 750]—

Lahtinen, J. Appeal from an order of the Supreme Court (Sackett, J.), entered May 23, 2006 in Sullivan County, which, inter alia, denied plaintiffs' motion pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

On April 18, 2004, William Many, Jr. (hereinafter decedent) lost control of his motorcycle and was in an accident in the Town of Fallsburg, Sullivan County, on a section of road which allegedly had a significant amount of sand left on it from the winter. He died of injuries sustained in the accident on May 1, 2004. In June 2004, a notice of claim alleging both conscious pain and suffering and wrongful death was ostensibly served on the County, but the notice of claim was concededly not properly served on the Town. Plaintiff Cindijo Miller was issued letters of administration for decedent's estate on September 29, 2005. The Town was served with a summons and complaint on December 20, 2005 and it promptly served an answer asserting failure to serve a notice of claim as an affirmative defense. Plaintiffs served a notice of claim on the Town on January 11, 2006, moved to strike the affirmative defense and sought permission by order to show cause for leave to file a late notice of claim on the Town.

Supreme Court denied both the motion to strike the Town's affirmative defense and the application for leave to serve a late notice of claim. The court held that the application as regards the action for conscious pain and suffering was brought more than one year and 90 days after accrual of that cause of action and, thus, was time-barred. In weighing the various factors as to the proposed wrongful death action, Supreme Court relied heavily upon its findings of an absence of prompt notice to the Town and prejudice resulting therefrom. Plaintiffs appeal.

General Municipal Law § 50-e (1) (a) provides, in relevant part, that a notice of claim must be served "within ninety days after the claim arises; except that in wrongful death actions, the ninety days shall run from the appointment of a representative of the decedent's estate." Here, it is undisputed that no proper notice was provided regarding the claim for pain and suffering until more than a year and 90 days after the accident and, accordingly, we agree with Supreme Court's conclusion that such claim was time-barred (*see Jae Woo Yoo v New York City Health & Hosps. Corp.*, 239 AD2d 267, 267-268 [1997]; *Gibbons v City of Troy*, 91 AD2d 707, 707-708 [1982]).

Next, we address whether Supreme Court properly denied

permission to serve a late notice of claim as to the wrongful death claim. In cases of wrongful death, the 90 days in which to serve a notice of claim commences upon "the appointment of a representative of the decedent's estate" (General Municipal Law § 50-e [1] [a]), with an outside time limitation of "two years after the happening of the death" (General Municipal Law § 50-i [1]; *see Collins v City of New York*, 55 NY2d 646 [1981]; *see also Campbell v City of New York*, 4 NY3d 200 [2005]). Here, Miller was appointed on September 29, 2005 and, under the statutory provision for wrongful death, the 90 days started running at such time. Actual notice of the claim was afforded within those 90 days when the summons and complaint were served on December 20, 2005. Moreover, the application for permission to serve a late notice of claim was made less than a month beyond the 90-day period and well before the expiration of the two-year statute of limitations. There was no showing of prejudice to the Town during the time after Miller was appointed to administer decedent's estate and, since the statute looks to that date for the start of the 90-day period regarding wrongful death, it was error for Supreme Court to put significant reliance on the preappointment time frame when analyzing whether permission to serve a late notice of claim should be granted; particularly where, as here, actual notice was received during the relevant time.

The Town contends that the application should nevertheless be denied upon the ground that the proposed claim is meritless. While the merit of the action is not included in the statutory criteria to be weighed when considering an application for leave to serve a late notice of claim (*see* General Municipal Law § 50-e [5]), those criteria are not exclusive, and precedent provides that "[l]eave is not appropriate for a patently meritless claim" (*Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179 [2004]; *see Forrest v Berlin Cent. School Dist.*, 29 AD3d 1230, 1231 [2006], *appeal dismissed* 7 NY3d 896 [2006]; *Matter of Swain v County of Albany*, 268 AD2d 747, 749 [2000], *lv denied* 94 NY2d 764 [2000]). The Town argues that, since it did not receive prior written notice of the alleged condition of the road, the proposed action is foreclosed by its local law requiring such notice. Plaintiffs counter by asserting that they should be permitted to explore the issue in disclosure and that they may be able to come within the exception to the prior written notice statute when the municipality creates the dangerous condition, which they contend happened here through the Town's sanding practices (*see Hepburn v Croce*, 295 AD2d 475, 476-477 [2002]). Although plaintiffs' action may ultimately be subject to dismissal prior to trial if they are unable to meet the formidable

task of showing an exception to the Town's prior written notice statute (*see King v County of Warren*, 178 AD2d 816, 817 [1991], *lv dismissed and denied* 79 NY2d 1027 [1992]; *see also Halili v City of New York*, 28 AD3d 715 [2006]; *Brown v County of Dutchess*, 5 AD3d 420 [2004]), we are unpersuaded that the proposed action can be characterized as patently meritless within the context of an application for permission to serve a notice of claim.

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion for permission to file a late notice of claim for wrongful death; motion granted to that extent; and, as so modified, affirmed.