■ CESAR RODRIGUEZ, Respondent, v JUAN C. HERNANDEZ et al., Defendants and Third-Party Plaintiffs-Respondents, CITY OF NEW YORK et al., Appellants, et al., Defendants. SCHOOL CONSTRUCTION AUTHORITY, Third-Party Deendant-Appellant. [830 NYS2d 780]—

In an action to recover damages for personal injuries, the defendants City of New York and New York City Department of Education, also known as Board of Education of the City of New York, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated July 29, 2005, as denied that branch of their motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the third-party defendant separately appeals from so much of the same order as denied its cross motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, that branch of the motion of the defendants City of New York and New York City Department of Education, also known as Board of Education of

the City of New York, which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted, and the third-party defendant's cross motion for summary judgment dismissing the third-party complaint is granted.

The plaintiff allegedly sustained injuries when the motor vehicle he was driving was hit by a second vehicle driven by the defendant Juan C. Hernandez, which caused the plaintiff to lose control of his vehicle and collide into a sidewalk shed erected in connection with a construction project at a public school building. When the sidewalk shed collapsed, a pole allegedly stored on top of it fell through the plaintiff's windshield and pierced his leg. The plaintiff commenced this action against, among others, Hernandez and the owner of the vehicle that Hernandez was driving, as well as the City of New York and the New York City Department of Education, also known as Board of Education of the City of New York (hereinafter collectively the City). Hernandez and the owner of the vehicle he operated together commenced a third-party action against the School Construction Authority (hereinafter the SCA).

The Supreme Court denied that branch of the City's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court also denied the SCA's cross motion for summary judgment dismissing the third-party complaint. We reverse.

Even if the City and the SCA improperly erected a sidewalk shed and permitted it to be used for the storage of construction materials, they were nevertheless entitled to summary judgment dismissing the causes of action asserted against them because they "established that the proximate cause of the accident was the plaintiff's loss of control of his vehicle" after being hit by Hernandez's vehicle, and that the sidewalk shed "merely furnished the condition for the occurrence, not the cause" (*Stein v Pat Noto, Inc.*, 226 AD2d 624, 625 [1996]; *see also Margolin v Friedman*, 43 NY2d 982, 983 [1978]; *Hayes v Malkan*, 26 NY2d 295 [1970]; *Lastuvka v Pearson*, 32 AD3d 500 [2006]; *Thomas v Halmar Bldrs. of N.Y.*, 290 AD2d 502, 503 [2002]). Since the possibility that a motor vehicle would leave the paved roadway and strike the sidewalk shed was "neither contemplated nor foreseeable," the City and the SCA, in erecting the sidewalk shed, owed no duty to protect passengers or drivers of motor vehicles from an injury arising from a motor vehicle collision with the sidewalk shed, which was erected to protect pedestrians from falling debris during construction (*see Tomassi v Town of Union*, 46 NY2d 91, 97 [1978]; *Rodriguez v*

*Gutierrez*, 217 AD2d 692 [1995]; *Rivera v Goldstein*, 152 AD2d 556 [1989]; *cf. Ranney v Habern Realty Corp.*, 281 App Div 278 [1953], *affd* 306 NY 820 [1954]).

In opposition to the showing made by the City and the SCA, the plaintiff failed to raise a triable issue of fact. Moreover, the plaintiff's reliance on *Derdiarian v Felix Contr. Corp.* (51 NY2d 308, 315 [1980]), is misplaced because, in that case, the defendant general contractor owed a duty to the plaintiff, an employee of a subcontractor, to provide a safe place to work. In light of that recognized legal relationship between those parties, the Court of Appeals held that it was for the jury to determine whether the general contractor's failure to safeguard the excavation site against the entry of a vehicle into the roadway portion of a work site was a proximate cause of the plaintiff's injuries (*id.* at 312, 314-316; *see also Lamuraglia v New York City Tr. Auth.*, 299 AD2d 321, 324 [2002]; *Pagan v Goldberger*, 51 AD2d 508, 511-512 [1976]).

Accordingly, the Supreme Court erred in denying that branch of the City's motion and the SCA's cross motion, which were for summary judgment.

Motion by the plaintiff-respondent on an appeal from an order of the Supreme Court, Kings County, dated July 29, 2005, to strike stated portions of the defendants-appellants' reply brief on the ground that it raises an issue not previously raised in their main brief. By decision and order on motion of this Court dated August 25, 2006, the motion was held in abeyance and was referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.