■ DAVID SCHMIDT et al., Respondents-Appellants, v JASON POLICELLA et al., Respondents, NEW WINDSOR PETROLEUM, INC., Doing Business as CENCO MART, Appellant-Respondent, et al., Defendant. (And Third-Party Actions.) [842 NYS2d 537]—

In an action to recover damages for personal injuries, etc., (1) the defendant New Windsor Petroleum, Inc., doing business as Cenco Mart, appeals, as limited by its brief, from (a) so much of an order of the Supreme Court, Orange County, (Slobod, J.), dated May 9, 2006, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (b) so much of an order of the same court dated September 6, 2006, as denied its cross motion for leave to reargue its prior motion for summary judgment, and (2) the plaintiffs cross-appeal, as limited by their brief, from (a) so much of the order dated May 9, 2006, as granted that branch of the motion of the defendant Town of New Windsor which was for summary judgment dismissing the complaint insofar as asserted against it, and (b) so much of the order dated September 6, 2006, as denied their motion for leave to reargue the prior motion of the defendant Town of New Windsor for summary judgment.

Ordered that the appeal and the cross appeal from the order dated September 6, 2006 are dismissed as abandoned, and additionally on the ground that no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 9, 2006 is reversed insofar as appealed from, on the law, and the motion of the defendant New Windsor Petroleum, Inc., doing business as Cenco Mart, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that the order dated May 9, 2006 is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants New Windsor Petroleum, Inc., doing business as Cenco Mart, and Town of New Windsor, payable by the plaintiffs.

The injured plaintiff sustained severe brain damage as a result of a single-car accident on Lake Road in the Town of New Windsor. The injured plaintiff was a passenger in a car driven by the defendant Jason Policella (hereinafter Policella), who was then

19 years old. Policella had a blood alcohol content of .17 percent and was driving at a speed of 74 miles per hour in a 40 mile per hour zone. The plaintiffs, inter alia, allege that the Town of New Windsor was negligent in its design and maintenance of the roadway where the accident occurred, and that the defendant New Windsor Petroleum, Inc., doing business as Cenco Mart (hereinafter Cenco Mart), unlawfully sold Policella the alcohol which caused his intoxication at the time of the accident, in violation of General Obligations Law §§ 11-100 and 11-101.

The Town established its prime facie entitlement to judgment as a matter of law by demonstrating that any negligence on its part was not the proximate cause of the accident (*see Tomassi v Town of Union*, 46 NY2d 91, 98 [1978]; *Lastuvka v Pearson*, 32 AD3d 500 [2006]; *Ficarra v Parker*, 8 AD3d 333 [2004]; *Brown v County of Dutchess*, 5 AD3d 420, 421 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the Town's motion for summary judgment dismissing the complaint insofar as asserted against it.

Cenco Mart established its prima facie entitlement to judgment as a matter of law by demonstrating, on the basis of Policella's statements, that Policella had not consumed the alcohol he purchased at Cenco Mart prior to the collision, and that, therefore, there was no "reasonable or practical connection" between its sale of alcohol to Policella and injuries sustained by the injured plaintiff (*see McNeill v Rugby Joe's*, 298 AD2d 369, 370 [2002], quoting *Catania v 124 In-To-Go, Corp.*, 287 AD2d 476, 477 [2001]). In opposition, the plaintiffs' evidence, consisting solely of hearsay testimony with respect to earlier purchases of alcohol at Cenco Mart purportedly made by Policella, was insufficient to raise a triable issue of fact as to Cenco Mart's liability (*see Iurato v City of New York*, 9 AD3d 301, 303 [2004]; *Joseph v Hemlok Realty Corp.*, 6 AD3d 392 [2004]). Cenco Mart's motion for summary judgment dismissing the complaint therefore should have been granted. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.