**Hitham ABUHOURAN, Plaintiff–Appellant,**

v.

**Asher E. LANS, et al., Defendants–Appellees.**

No. 06–2857–PR.

United States Court of Appeals, Second Circuit.

March 18, 2008.

Hitham Abuhouran, pro se, Waymart, PA, for Plaintiff–Appellees.

John H. Eickemeyer and Charles S. Caranicas; Vedder, Price, Kaufman & Kammholz, P.C.; New York, NY, for Defendants–Appellees.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Hitham Abuhouran, *pro se,* appeals from the May 19, 2006 judgment of the United States District Court for the Southern District of New York (Jones, *J.*) granting Defendants–Appellees' motion to dismiss his legal malpractice complaint. We presume the parties' familiarity with the facts and the issues on appeal.

This Court reviews "*de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). "However inartfully pleaded, a *pro se* complaint may not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Posr v. Court Officer Shield No. 207,* 180 F.3d 409, 414 (2d Cir.1999) (internal quotation marks and citation omitted). Both the denial of a motion for reconsideration and denial of a motion for

leave to amend are reviewed for abuse of discretion. *See Patane v. Clark,* 508 F.3d 106, 113 n. 6 (2d Cir.2007); *Devlin v. Transp. Commc'ns Int'l Union,* 175 F.3d 121, 132 (2d Cir.1999).

Under New York law, "[t]o state a cause of action for legal malpractice arising from negligent representation in a criminal proceeding, plaintiff must allege his innocence or a colorable claim of innocence of the underlying offense, for so long as the determination of his guilt of that offense remains undisturbed, no cause of action will lie." *Carmel v. Lunney,* 70 N.Y.2d 169, 518 N.Y.S.2d 605, 511 N.E.2d 1126, 1128 (1987) (internal citation omitted). This rule has been "consistently applied to alleged malpractice occurring outside of the actual trial," where the representation arises out of the criminal proceedings. *Boomer v. Gross,* 34 A.D.3d 1096, 825 N.Y.S.2d 171, 171 (N.Y.App. Div.3d Dep't 2006) (collecting cases). The showing of innocence is unnecessary, however, where the representation arises out of civil proceedings, even if malpractice in the civil proceedings eventually led to an associated criminal prosecution. *See Bass & Ullman v. Chanes,* 185 A.D.2d 750, 586 N.Y.S.2d 610, 610 (N.Y.App. Div. 1st Dep't 1992).

Here, Abuhouran alleged that he retained Jackson & Nash to "assign[ ] defense lawyers," "negotiat[e] with appell[ate][c]ounsel," and to "attempt[ ] to meet with King Hussein, late King of Jordan, in efforts to ease the harsh sentence that was [previously] imposed" after Abuhouran had pleaded guilty to criminal charges. This representation plainly arose out of the criminal prosecution and is not the result of a prior civil representation. Thus, to succeed, Abuhouran would have had to show innocence or a colorable claim

of innocence. *See Carmel,* 518 N.Y.S.2d 605, 511 N.E.2d at 1128. Because Abuhouran failed to allege his innocence in the amended complaint or in any of the subsequent proposed amended complaints, the district court did not abuse its discretion in denying the motions to amend the complaint as futile or in denying the motion for reconsideration. Additionally, the district court properly dismissed the complaint for failure to state a cause of action.

We have considered the arguments advanced by Abuhouran in this appeal, and find that they are without merit. For the foregoing reasons, we AFFIRM the judgment of the district court.