Figueroa v Figueroa (2023 NY Slip Op 00986)

Figueroa v Figueroa

2023 NY Slip Op 00986

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-04442
 (Index No. 612366/15)

[*1]Nicole Figueroa, appellant,
v
William J. Figueroa, et al., defendants, Paul W. Ceberek, respondent.

Kritzer Law Group, Smithtown, NY (David S. Kritzer of counsel), for appellant.
Hardin, Kundla, McKeon & Poletto, P.A., New York, NY (Stephen J. Donahue of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William J. Condon, J.), dated May 4, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant Paul W. Ceberek which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured while riding as a passenger on a motorcycle operated by the defendant William J. Figueroa (hereinafter William) on Sound Avenue in the Town of Riverhead. According to the plaintiff, in order to avoid a collision with a motor vehicle traveling in front of them, William swerved the motorcycle and struck a boulder located in front of certain property owned by the defendant Paul W. Ceberek. Thereafter, the plaintiff commenced the instant action against, among others, Ceberek. Ceberek moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. In an order dated May 4, 2020, the Supreme Court, among other things, granted that branch of Ceberek's motion. The plaintiff appeals.
In support of his motion, Ceberek established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by submitting evidence demonstrating that the placement of the subject boulder was not a proximate cause of the accident (see Cagliostro v McCarthy, 102 AD3d 823, 824; Rodriguez v Hernandez, 37 AD3d 809, 810; McKenna v Garcia, 189 AD2d 756, 756-757). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of Ceberek's motion which was for summary judgment dismissing the complaint insofar as asserted against him.
RIVERA, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court