■ FRANCES SHATZ, as Executrix of MORRIS SHATZ, Deceased, Respondent, v KUTSHERS COUNTRY CLUB, Appellant, and ARNOLD WENIG, Respondent. [668 NYS2d 643] —In a wrongful death action, the defendant Kutshers Country Club appeals from an order of the Supreme Court, Kings County (Golden, J.), dated March 7, 1997, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant Kutshers Country Club, and the action against the remaining defendant is severed.

The decedent, after having checked out of the appellant Kutshers Country Club (hereinafter Kutshers), parked his car along the arrival and departure circle and began loading his bags into the back of the car. Parked across the circle, some 25 to 35 feet away, was the car of the defendant Arnold Wenig, also a guest. After loading his bags into his car, Wenig started to depart, but he lost control of his car. Consequently, Wenig's car traversed the circle, careened off another vehicle, and then struck the decedent, propelling him onto the hood. Wenig's car then struck a tree, catapulting the decedent onto the ground. The decedent later died from his injuries. The plaintiff, as executrix of the decedent's estate, thereafter commenced this action against Kutshers and Wenig seeking damages for the decedent's injuries and wrongful death. After issue was joined, Kutshers moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. We now reverse the order denying that motion.

Although, in general, the issue of proximate cause is for the jury (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507), liability may not be imposed upon a party who "merely furnished the condition or occasion for the occurrence of the event" but was not one of its causes (*Sheehan v City of New York,* 40 NY2d 496, 503; *see, Margolin v Friedman,* 43 NY2d 982; *Rivera v City of New York,* 11 NY2d 856; *Gleason v Reynolds Leasing Corp.,* 227 AD2d 375). Here, the plaintiff has failed to raise a triable issue of fact that any conduct on the part of Kutshers was one of the causes of the accident, rather than merely providing the occasion for the accident. Thus, the Supreme Court erred in denying Kutshers' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Bracken, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.