■ MARJORIE HAYLETT et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, and INDIA BEVERAGES, INC., et al., Respondents. [674 NYS2d 75] —In an action to recover damages for personal injuries, (1) the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), entered June 26, 1997, as granted that branch of the motion of the defendant Truck Lease Corp. which was for summary judgment dismissing the complaint insofar as asserted against it and, in effect, denied their application for summary judgment on the issue of liability against the defendants India Beverages, Inc., and Luis A. Diaz, and (2) the defendants New York City Transit Authority and Charles Linea separately appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendant Truck Lease Corp. which was for summary judgment dismissing their cross claim insofar as asserted against the defendant Truck Lease Corp.

Ordered that the order is modified, on the law, by deleting therefrom the provision which, in effect, denied the plaintiffs' application for summary judgment on the issue of liability

against the defendants India Beverages, Inc., and Luis A. Diaz and substituting therefor a provision granting the application; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

A truck belonging to the defendant Truck Lease Corp. (hereinafter Truck Lease) was parked at a New York City Transit Authority (hereinafter NYCTA) bus stop. As a result, an NYCTA bus stopped in a driving lane to the left of the truck. It is undisputed by the parties that a truck belonging to India Beverages, Inc. (hereinafter India Beverages), and driven by Luis A. Diaz, struck the bus in the rear. As a result of this collision, the passengers in the bus, who are the plaintiffs in this action, were injured. It is further undisputed that the bus had been within Diaz's view continuously for some distance before the impact, and that Diaz was unable to prevent his truck from hitting the bus. Therefore, we agree with the Supreme Court that the presence of the Truck Lease vehicle in the bus stop merely furnished the condition or occasion for the occurrence of the event rather than one of its causes (*see, Sheehan v City of New York*, 40 NY2d 496, 503).

Furthermore, the defendants India Beverages and Diaz failed to present sufficient evidence to rebut the prima facie showing of liability with respect to Diaz's operation of the moving vehicle which collided with the rear end of the stationary bus (*see, Pfaffenbach v White Plains Express Corp.*, 17 NY2d 132, 135; *see also, Gambino v City of New York*, 205 AD2d 583). Therefore, the plaintiffs are entitled to summary judgment on the issue of liability as against the defendants India Beverages and Diaz (*see*, CPLR 3212 [b]). Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.