■ John Panico, Appellant, v Key Food Stores Cooperative, Inc., Respondent. (And a Third-Party Action.) [712 NYS2d 400] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated June 9, 1999, as granted that branch of the defendant's motion which was for summary judgment dismissing the fourth cause of action sounding in negligence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant made a prima facie showing that it was not negligent in the happening of the plaintiff's accident and, in any event, that any action by it was not a proximate cause of the plaintiff's injuries (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). Even assuming that the plaintiff raised a triable issue of fact as to the defendant's negligence in response to the defendant's prima facie showing, he failed to raise a triable issue of fact as to whether the negligence was a proximate cause of his injuries. Although the issue of proximate cause is generally one for the jury (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308), liability may not be imposed upon a party who " 'merely furnished the condition or occasion for the occurrence of the event' " but was not one of its causes (*Shatz v Kutshers Country Club,* 247 AD2d 375; *Poggiali v*

*Town of Babylon,* 219 AD2d 626; *Williams v Envelope Tr. Corp.,* 186 AD2d 797). Here, the plaintiff failed to raise a triable issue of fact that any conduct on the part of defendant was one of the causes of the accident, rather than merely providing the occasion of the accident (*see, Shatz v Kutshers Country Club, supra*). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.