■ DANIEL A. SIEGEL et al., Appellants, v DARREL L. BOEDIGHEIMER et al., Respondents. [743 NYS2d 137] —In an ac-

tion to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Westchester County (Barone, J.), entered April 4, 2001, which granted the motion of the defendants Darrel Lloyd Boedigheimer and North American Van Lines, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and (2), as limited by their brief, from so much of an order of the same court, also entered April 4, 2001, as granted the separate motion of the defendants Brian J. Dunne and Andrew J. Dcunha for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the orders are affirmed, with one bill of costs.

The defendant Darrel Lloyd Boedigheimer, an employee of the defendant North American Van Lines, Inc., was driving a tractor trailer eastbound on 138th Street in the Bronx. As Boedigheimer drove through a yellow light at the intersection of 138th Street and Bruckner Boulevard, he hit the driver's side of a vehicle owned by the defendant Andrew Dcunha and operated by the defendant Brian J. Dunne, which was traveling northbound on Bruckner Boulevard. As a result of the collision, the tractor trailer blocked approximately 80% of the northbound traffic on Bruckner Boulevard. The drivers were waiting for the police to arrive when the plaintiff Daniel A. Siegel (hereinafter the injured plaintiff), who was driving northbound on Bruckner Boulevard, approached the intersection. According to the injured plaintiff, he was aware of the presence of the vehicles in the intersection and had changed lanes to avoid them. Suddenly, a black Nissan entered the intersection and crossed his path, causing him to swerve to his right and sideswipe the back of the tractor trailer. The injured plaintiff and his wife commenced this action, alleging that the defendants were negligent because they violated Vehicle and Traffic Law § 1202 (a) by obstructing the intersection after the initial collision, and that their negligence was a proximate cause of the accident. The defendants successfully moved for summary judgment, and these appeals ensued. We affirm, based upon title 34, chapter 4 of the Rules of the City of New York (34 RCNY 4-01 *et seq.*).

Preliminarily, we note that pursuant to Vehicle and Traffic Law § 1642 and 34 RCNY 4-02 (e), inter alia, Vehicle and Traffic Law §§ 1201 and 1202 have been superseded by the New York City Traffic Rules and Regulations, 34 RCNY 4-01 *et seq.* Thus, in considering this matter on the merits, we have determined the appeal under 34 RCNY 4-08 (a) (1) and (e) (4), the equivalent provisions of the New York City Traffic Rules

and Regulations which prohibit parking, stopping, or standing of vehicles in intersections.

Considered under those provisions, the defendants met their burden of establishing entitlement to summary judgment by presenting evidence that they did not violate the applicable regulations. The defendants established that, as a result of their collision while moving through the intersection of 138th Street and Bruckner Boulevard, their vehicles were immobilized. As a result, the assistance of two police officers was required to push the vehicle driven by Dunne off the road, and a tow truck was needed to remove the vehicle driven by Dunne from the accident site.

Essentially, the defendants showed that they were unable to move their vehicles before the police arrived and that they moved them expeditiously thereafter. The defendants thus established that their vehicles were disabled within the intendment of 34 RCNY 4-08 (a) (8), and that they moved the vehicles expeditiously as required by that regulation. In so doing, the defendants demonstrated, as a matter of law, that they did not stop, stand, or park their vehicles in violation of 34 RCNY 4-08 (e) (4). Thus, the defendants were not negligent by virtue of any violation of the applicable provisions of the New York City Traffic Rules and Regulations. In opposition, the plaintiffs failed to raise a triable issue of fact as to the defendants' negligence (*see generally Zuckerman v City of New York,* 49 NY2d 557).

The defendants also established that their conduct merely furnished the conditions for the accident, and was not the proximate cause of the injured plaintiff's injuries (*see Sheehan v City of New York,* 40 NY2d 496). The defendants presented evidence that the injured plaintiff saw Boedigheimer's tractor trailer from a safe distance and safely changed lanes to avoid hitting it, when the black Nissan suddenly entered the intersection against the light, forcing the injured plaintiff to swerve to his right and hit Boedigheimer's truck. Thus, the defendants established that the independent act of the black Nissan caused the injured plaintiff to swerve into the tractor trailer (*see id.*). The placement of the tractor trailer did not cause the accident, but merely furnished the occasion for it (*see id.* at 502-503; *see also Dunlap v City of New York,* 186 AD2d 782). Florio, J.P., Friedmann, H. Miller and Townes, JJ., concur.