■ George Whitehead, Respondent, v Reithoffer Shows, Inc., Appellant, and Henry Sherwood, Also Known as "John Doe," Defendant. [759 NYS2d 125] —In an action to recover damages for personal injuries, the defendant Reithoffer Shows, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated August 8, 2002, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and, upon searching the record, summary judgment is granted to the defendant Henry Sherwood, also known as "John Doe," and the complaint is dismissed in its entirety.

The appellant's tractor-trailer became disabled and blocked the right-hand lane of traffic on the eastbound side of Charles Lindbergh Blvd., near its intersection with Merrick Avenue in Nassau County. The plaintiff, who was driving eastbound in that lane, first observed the tractor-trailer from a distance of either 200 feet or 200 yards. He uneventfully brought his van to a complete stop behind the disabled tractor-trailer. The traffic light controlling that intersection was red in the plaintiff's direction.

The plaintiff claims that, after being stopped for as long as three minutes, the light turned green, and he received a signal from a police officer indicating that he could proceed. He claims that he first checked to see that the traffic to his left had already cleared, and that he began to drive his vehicle into the left-hand lane in order to pass the tractor-trailer. At this point, the plaintiff claims a vehicle overtaking his van in the left lane caused him to swerve, and to drive his van into the rear end of the appellant's tractor-trailer. There is no proof that the path

of that third vehicle was affected in any way by the presence of the truck (*cf. Ferrer v Harris,* 55 NY2d 285 [1982]).

Contrary to the plaintiff's contention, the appellant established prima facie entitlement to judgment as a matter of law by demonstrating that its tractor-trailer, situated as it was in the roadway, was not the proximate cause of the accident, but merely furnished the condition or occasion for the occurrence of the accident (*see Sheehan v City of New York,* 40 NY2d 496 [1976]; *Siegel v Boedigheimer,* 294 AD2d 560 [2002]; *O'Malley v USA Waste of N.Y.,* 283 AD2d 409 [2001]). In response, the plaintiff failed to raise a triable issue of fact, as he submitted no more than conjecture that the appellant's tractor-trailer was the proximate cause of the accident (*see Sheehan v City of New York, supra*; *see also Dormena v Wallace,* 282 AD2d 425 [2001]). Accordingly, the appellant's motion for summary judgment should have been granted.

Although the alleged driver of the appellant's tractor-trailer, Henry Sherwood, also known as "John Doe," never moved for summary judgment, this Court has the authority, pursuant to CPLR 3212 (b), to search the record and award summary judgment to a nonmoving party, even in the absence of an appeal by that party (*see Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-112 [1984]). Therefore, under the circumstances of this case, summary judgment is granted to Sherwood and the complaint is dismissed in its entirety. Feuerstein, J.P., Smith, H. Miller and Townes, JJ., concur.