VINCENT M. RICCHIAZZI, Respondent, v LINDSAY P. GRAY et al., Appellants. [773 NYS2d 705]—

Appeals from an order and judgment (one document) of the Supreme Court, Erie County (John F. O'Donnell, J.), entered March 19, 2003. The order and judgment denied defendants' motions for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied the motions of defendants seeking summary judgment dismissing the complaint. Plaintiff commenced this action to recover damages for injuries he sustained when he was struck by a motor vehicle. Plaintiff was standing between two motor vehicles that had

been involved in a minor traffic accident when one of the motor vehicles was rear-ended by a third motor vehicle operated by an unknown driver who fled the scene. Contrary to the contention of defendants, there is an issue of fact whether they were negligent in failing to remove their operable motor vehicles from the highway before the second accident occurred (*see* Vehicle and Traffic Law § 1201 [a]; 8B NY Jur 2d, Automobiles § 959; *see also Shohet v Sheehan*, 238 AD2d 573 [1997]; *cf. Siegel v Boedigheimer*, 294 AD2d 560 [2002]; *Russo v Sabella Bus Co.*, 275 AD2d 660 [2000]).

Contrary to the further contention of defendants, there is an issue of fact whether defendants' alleged negligence was a substantial factor in producing plaintiff's injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]). "Where the acts of a third person intervene between the defendant's conduct and the plaintiff's injury, the causal connection is not automatically severed. In such a case, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence" (*id.*). "Where, as here, questions exist concerning what is foreseeable or normal the issues are for the fact-finder to resolve" (*Shohet*, 238 AD2d at 574; *see Ferrer v Harris*, 55 NY2d 285, 293-294 [1982], *mot to amend remittitur granted* 56 NY2d 737 [1982]). Neither *Whitehead v Reithoffer Shows* (304 AD2d 754 [2003]) nor *Siegel* (294 AD2d at 562) compels a different result. In *Whitehead*, unlike here, there was no proof that the path of the motor vehicle was affected in any way by the motor vehicle blocking the traffic lane. In *Siegel*, unlike here, it was uncontroverted that the plaintiff motorist safely changed lanes to avoid the vehicle that was blocking traffic before becoming involved in the accident that resulted in his injuries. Present—Pine, J.P., Wisner, Scudder, Kehoe and Lawton, JJ.