■ STACY CONDRA, Respondent, v RECKSON OPERATING PARTNERSHIP, LP, et al., Respondents, and AIRBORNE EXPRESS, Appellant. [774 NYS2d 414]—

In an action to recover damages for personal injuries, the defendant Airborne Express appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), entered April 18, 2003, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the cross motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff allegedly was injured when she slipped and fell on a patch of ice near the appellant's vehicle which was parked in a lot. Contrary to the plaintiff's contention, the appellant demonstrated its entitlement to judgment as a matter of law by presenting proof that the position of its vehicle was not a proximate cause of the plaintiff's injuries (*see Sheehan v City of*

*New York,* 40 NY2d 496, 503 [1976]; *Haylett v New York City Tr. Auth.,* 251 AD2d 373, 374 [1998]; *Ely v Pierce,* 302 AD2d 489 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the appellant's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it should have been granted (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Altman, J.P., Florio, Smith and Rivera, JJ., concur.