■ MOLLIE FERMAGLICH, Plaintiff, v GIUSEPPE O. ARNONE et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. GREAT SPRINGS WATERS, Third-Party Defendant-Respondent. [828 NYS2d 171]—

In an action to recover damages for personal injuries, the third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Jones, J.), dated September 6, 2005, which granted the third-party defendant's motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the third-party defen-

dant's motion for summary judgment dismissing the third-party complaint. Even assuming that the delivery truck owned by the third-party defendant was parked in violation of parking regulations, the third-party defendant demonstrated its entitlement to judgment as a matter of law by presenting evidence that the location of its vehicle was not a proximate cause of the accident (*see Gerrity v Muthana*, 7 NY3d 834 [2006]; *Sheehan v City of New York*, 40 NY2d 496, 503 [1976]; *Condra v Reckson Operating Partnership*, 6 AD3d 483 [2004]; *Mendrykowski v New York Tel. Co.*, 2 AD3d 1410 [2003]; *Whitehead v Reithoffer Shows*, 304 AD2d 754 [2003]; *Dormena v Wallace*, 282 AD2d 425 [2001]). In opposition to the motion, the third-party plaintiffs failed to raise a triable issue of fact as to whether the location of the parked delivery truck was a proximate cause of the accident. Schmidt, J.P., Rivera, Santucci and Krausman, JJ., concur.