ANDREW ANTHONY DORIA, Appellant, v YVES CASSAMAJOR et al., Respondents, et al., Defendant. [829 NYS2d 166]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated March 30, 2005, as granted that branch of the motion of the defendants Nelson Rodriguez and Middlesex Materials, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them and granted the separate motion of the defendants Yves Cassamajor and Pledge Cab Corp. for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

During a substantial snowfall in the early morning hours of February 7, 2003 a dump truck owned by the defendant Middlesex Material, Inc. (hereinafter Middlesex), and being operated by the defendant Nelson Rodriguez on the Gowanus Expressway in Brooklyn, collided with a taxicab owned by the defendant Pledge Cab Corp. (hereinafter Pledge) which was being operated by the defendant Yves Cassamajor. Following the accident, both vehicles remained stopped on the roadway for one hour until the police arrived. During that period of time, the plaintiff, who was proceeding along the Gowanus Expressway in the vicinity of the accident, observed the stopped taxicab and brought his car uneventfully to a stop. Thereafter, however, an unidentified tractor trailer struck a motor vehicle being operated by the defendant William Mulcare, propelling it into the plaintiff's vehicle.

Middlesex and Rodriguez moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them and Pledge and Cassamajor separately moved for similar relief. The Supreme Court granted summary judgment to the moving defendants. We affirm.

Since the plaintiff's vehicle was able to stop without hitting the dump truck or the taxicab, the driver of the tractor trailer should have been able to stop without hitting the plaintiff's vehicle. Accordingly, any purported negligence on the part of Rodriguez and Cassamajor was not a proximate cause of the collision between the plaintiff's vehicle and Mulcare's vehicle (*see Good v Atkins*, 17 AD3d 315 [2005]). Therefore, summary judgment was properly awarded to the moving defendants.

In light of our determination we reach no other issues. Crane, J.P., Rivera, Goldstein and Lifson, JJ., concur.