■ MICHAEL WECHTER, Appellant, v ALEXANDER KELNER, Defendant, and ELLIOTT SINGER et al., Respondents. [835 NYS2d 653]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated April 27, 2006, as granted those branches of the separate motions of the defendants Elliott Singer and Wheels of Fortune Auto, Inc., and the defendant Prozack Auto, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

This action arises out of an accident that occurred on the evening of July 2, 2003 on East 28th Street in Brooklyn, a one-way street with cars parked on both sides. The defendant Elliott Singer, who was driving a Toyota Avalon, pulled up next to one of the vehicles parked at the curbside in order to wait for an-

other vehicle to pull out of a parking space so that he could park his car. While he was still waiting for the parking spot the plaintiff approached his car on foot. At that point, another vehicle, operated by the defendant Aleksandr Kelner, sued herein as Alexander Kelner, hit Singer's car in the rear. According to Singer, Kelner hit the pedestrian who was with the plaintiff and then hit the plaintiff, before the impact with Singer's car. Kelner does not remember what happened, but the pedestrians ended up "by" Singer's car. The plaintiff commenced the instant action against Singer and Kelner, and also against entities which allegedly owned the Avalon, the defendants Wheels of Fortune Auto, Inc. (hereinafter Wheels), and Prozack Auto. The plaintiff alleged, inter alia, that Singer was negligent in stopping his vehicle in the roadway. The Supreme Court, however, found that Kelner's negligent operation of his vehicle was the sole proximate cause of the accident. Accordingly, the court granted the motion of Singer and Wheels and the separate motion of Prozack Auto, for summary judgment dismissing the complaint and cross claims insofar as asserted against them.

Contrary to the plaintiff's contentions, the Supreme Court correctly granted those branches of the motions which were for summary judgment dismissing the complaint insofar as asserted against the moving defendants. Although the issue of proximate cause is generally one for the jury (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 314-315 [1980]), "liability may not be imposed upon a party who 'merely furnished the condition or occasion for the occurrence of the event' but was not one of its causes" (Shatz v Kutshers Country Club, 247 AD2d 375, 375 [1998], quoting Sheehan v City of New York, 40 NY2d 496, 503 [1976]; see Doria v Cassamajor, 36 AD3d 752, 753 [2007]; Poggiali v Town of Babylon, 219 AD2d 626, 627 [1995]; Williams v Envelope Tr. Corp., 186 AD2d 797, 798 [1992]). Here, the moving defendants demonstrated their prima facie entitlement to judgment as a matter of law by presenting evidentiary proof that Singer's conduct in stopping his car while waiting for a parking space merely furnished the condition or occasion for the accident, and was not a proximate cause of the plaintiff's injuries (see Sheehan v City of New York, supra; Doria v Cassamajor, supra; Siegel v Boedigheimer, 294 AD2d 560, 562 [2002]; Haylett v New York City Tr. Auth., 251 AD2d 373, 374 [1998]; Marsella v Sound Distrib. Corp., 248 AD2d 683, 684 [1998]; Gleason v Reynolds Leasing Corp., 227 AD2d 375, 376 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact.

In light of our determination, we need not reach the parties'

remaining contentions. Crane, J.P., Krausman, Lifson and Balkin, JJ., concur.