■ LOWAYNE WILLIAMS, Appellant-Respondent, v D & J SCHOOL BUS, INC., et al., Defendants, CITY OF NEW YORK, et al., Respondents-Appellants, and BFI WASTE SYSTEMS OF NORTH AMERICA, INC., Respondent. (And a Third-Party Action.) [893 NYS2d 135]—

The Supreme Court properly awarded summary judgment dismissing so much of the complaint as alleged that the defendant BFI Waste Systems of North America, Inc. (hereinafter BFI), and the defendants City of New York and Board of Education of the City of New York (hereinafter together the City defendants) were negligent in the ownership and/or control of a certain dumpster involved in the plaintiff's accident. BFI and the City defendants established their prima facie entitlement to judgment as a matter of law by submitting the plaintiff's deposition testimony, which demonstrated that the placement of the dumpster merely furnished the condition or occasion for the occurrence of the accident (*see Wechter v Kelner*, 40 AD3d 747, 748 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Furthermore, the court properly denied that branch of the City defendants' cross motion which was for summary judgment dismissing the balance of the complaint insofar as asserted against them, i.e., the claims premised upon alleged

negligence arising from their ownership and/or operation of a school bus also involved in the accident. In support of the cross motion, the City defendants submitted the affidavit of an employee who conducted a search of certain records, but was unable to locate a contract between the City and the alleged operator of the school bus. As the Supreme Court properly concluded, however, the affidavit was insufficient to establish, as a matter of law, that such a contract did not exist, since the employee did not describe the relevant records regularly created and maintained by the City, nor did she describe the practices and procedures for the creation, maintenance, retrieval, or use of such records. Furthermore, insofar as the City defendants failed to produce a contract governing the operation of the subject bus, they failed to establish, in the alternative, that the operator of the bus was an independent contractor whose actions could not be imputed to either of the City defendants (*see generally Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370 [1995]; *Goodwin v Comcast Corp.*, 42 AD3d 322 [2007]). Rivera, J.P., Miller, Leventhal and Chambers, JJ., concur.