Luis R. Morales, Respondent, v Marisa L. Cox et al., Appellants, and Robert Ingrassia et al., Respondents. [901 NYS2d 864]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants Marisa L. Cox and Susan T. Cox appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated July 8, 2009, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Marisa L. Cox and Susan T. Cox for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The defendants Marisa L. Cox and Susan T. Cox (hereinafter together the appellants) made a prima facie showing that the plaintiff's decedent was negligent as a matter of law by establishing that the accident occurred when the plaintiff's decedent drove his vehicle across a double yellow line in violation of Vehicle and Traffic Law § 1126 (a) in an attempt to pass the Cox vehicle on the left and lost control of his vehicle (*see* Vehicle and Traffic Law § 1126 [a]). In opposition to the appellants' motion for summary judgment, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to whether Marisa L. Cox contributed to the happening of the accident. Assuming, arguendo, that the Cox vehicle was negligently stopped in the roadway, the location of her vehicle merely furnished the condition or occasion for the occurrence of the accident (*see generally Sheehan v City of New York*, 40 NY2d 496 [1976]; *Whitehead v Reithoffer Shows*, 304 AD2d 754 [2003]; *cf. Somersall v New York Tel. Co.*, 52 NY2d 157 [1981]).

Accordingly, the Supreme Court erred in denying the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Santucci, J.P., Angiolillo, Dickerson and Austin, JJ., concur.