CARMEN PERALTA, Respondent, v THEODORE MANZO et al., Respondents, and JOSEPH BERNARD, Appellant. [905 NYS2d 245]—

In an action to recover damages for personal injuries, the defendant Joseph Bernard appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated November 13, 2009, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with one bill of

costs, and the motion of the defendant Joseph Bernard for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.

This action arises out of a three-vehicle collision that occurred at the intersection of Jamaica Avenue and Crescent Avenue on Staten Island at approximately 11:00 A.M. on December 17, 2003. The plaintiff testified at her deposition that as she approached the intersection, she saw the appellant's vehicle stopped in the middle of a bus stop, one car length from the corner on Crescent Street. She states that she stopped about 10 to 15 feet behind him because the traffic light was red and she wanted to make a right turn. The traveling lane to her left was free of traffic while she was stopped. After about one or two minutes, the light turned green, but the appellant's vehicle did not move and its rear hazard lights came on. When she saw that the appellant's vehicle was not going to move, she looked around and, despite noticing in her side view mirror that the defendant Theodore Manzo's truck was turning onto Jamaica Avenue in her direction, she pulled out from behind the appellant's vehicle and moved her car into the traveling lane. However, she had to stop next to the appellant's vehicle because the traffic light had turned red again. Within "maybe a second" the back of her car was struck by Manzo's truck, which caused her vehicle to turn "quickly toward the left," and the back part of her passenger side came into contact with the back portion of the appellant's vehicle.

The appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him contending, in essence, that he was not at fault in the happening of the accident since he had been stopped the entire time. The Supreme Court denied the motion.

The Supreme Court erred in denying the appellant's motion for summary judgment. Although the issue of proximate cause is generally one for the jury (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]), "liability may not be imposed upon a party who 'merely furnished the condition or occasion for the occurrence of the event' but was not one of its causes" (*Shatz v Kutshers Country Club*, 247 AD2d 375, 375 [1998], quoting *Sheehan v City of New York*, 40 NY2d 496, 503 [1976]; *see Poggiali v Town of Babylon*, 219 AD2d 626 [1995]; *Williams v Envelope Tr. Corp.*, 186 AD2d 797 [1992]). Here, the appellant demonstrated his prima facie entitlement to judgment as a matter of law by presenting evidence that his conduct in stopping his vehicle in the bus stop merely furnished the condition for the accident, and was not a proximate cause of the accident (*see*

*Sheehan v City of New York*, 40 NY2d 496 [1976]; *Siegel v Boedigheimer*, 294 AD2d 560 [2002]; *Haylett v New York City Tr. Auth.*, 251 AD2d 373 [1998]; *Marsella v Sound Distrib. Corp.*, 248 AD2d 683 [1998]; *Gleason v Reynolds Leasing Corp.*, 227 AD2d 375 [1996]). No triable issue of fact was raised in opposition to the appellant's motion. Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Skelos, J.P., Miller, Eng, Hall and Austin, JJ., concur.