In four related actions, inter alia, to recover damages for personal injuries, (1) Richard Dauber, as administrator of the estate of Susan Dauber, a plaintiff in action Nos. 1 and 4, and a defendant in action Nos. 2 and 3, appeals, as limited by his brief, from so much an order of the Supreme Court, Nassau *700 County (Martin, J.), dated December 24, 2008, as amended by an order of the same court entered January 26, 2009, as, upon renewal, granted those branches of the motion of Ken Lamont Stone and MGM Transport Corp., defendants in action No. 1, and the separate motion of Vanity Fair Manufacturers, Inc., doing business as Vanity Fair, a defendant in action Nos. 1 and 4, which were for summary judgment dismissing the complaint insofar as asserted against them in those actions, and those branches of the motions of Ken Lamont Stone and MGM Transport Corp., defendants in action No. 2, and Vanity Fair Manufacturers, Inc., doing business as Vanity Fair, a defendant in action No. 2, which were for summary judgment dismissing his cross claims insofar as asserted against them in action No. 2, and that branch of the motion of Ken Lamont Stone and MGM Transport Corp., third-party defendants in action No. 3, which was for summary judgment dismissing the third-party complaint in action No. 3, (2) Susan M. Schwartz, a plaintiff in action No. 2 and a defendant in action No. 1, separately appeals, as limited by her brief, from so much of the same order, as amended, as granted that branch of the motion of Ken Lamont Stone and MGM Transport Corp., defendants in action Nos. 1 and 2, which was for summary judgment dismissing the complaint insofar as asserted against them in action No. 2 and her cross claims insofar as asserted against them in action No. 1, and, in effect, granted that branch of the motion of Vanity Fair Manufacturers, Inc., doing business as Vanity Fair, a defendant in action No. 2, which was for summary judgment dismissing the complaint insofar as asserted against that defendant in action No. 2 and her cross claims insofar as asserted against that defendant in action No. 1, (3) Elrac, Inc., a defendant in action Nos. 2 and 3, and a third-party plaintiff in action No. 3, separately appeals from so much of the same order, as amended, as granted that branch of the motion of Ken Lamont Stone and MGM Transport, Inc., defendants in action No. 2, and that branch of the motion of Vanity Fair Manufacturers, Inc., doing business as Vanity Fair, a defendant in action No. 2, which was for summary judgment dismissing all cross claims insofar as asserted against them, and granted that branch of the motion of Ken Lamont Stone and MGM Transport, Inc., third-party defendants in action No. 3, which was for summary judgment dismissing the third-party action insofar as asserted by Elrac, Inc., against them, (4) Enterprise Leasing Company, Inc., a defendant in action No. 2, appeals from so much of the same order, as amended, as granted that branch of the motion of Ken Lamont Stone and MGM Transport, Inc., defendants in action No. 2, and that branch of the separate motion of Vanity *701 Fair Manufacturers, Inc., doing business as Vanity Fair, a defendant in action No. 2, which were for summary judgment dismissing the cross claims insofar as asserted against them in that action, and (5) Lawrence E. Schwartz, a defendant in action No. 1, appeals, as limited by his brief, from so much of the same order, as amended, as granted that branch of the motion of Ken Lamont Stone and MGM Transport Corp., defendants in action No. 1, which was for summary judgment dismissing the cross claims asserted by him against those defendants in action No. 1.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
This case arises out of a multivehicle accident that took place on January 27, 2006, at 11:50 a.m., in the eastbound lane of Sunrise Highway, in Nassau County. At that time, a tractor-trailer owned by MGM Transport Corp. (hereinafter MGM) and operated by Ken Lamont Stone was double-parked so that it extended into the right eastbound lane of traffic while Stone made a delivery of merchandise to the defendant Vanity Fair Manufacturers, Inc., doing business as Vanity Fair (hereinafter Vanity Fair). A vehicle operated by Susan Dauber entered the right eastbound lane of Sunrise Highway from a driveway to the west of Vanity Fair, then immediately began to move to the center lane. At the same time, a vehicle operated by Susan M. Schwartz began to move into the center lane from the left lane. The vehicles collided and both vehicles were propelled in the direction of the double-parked truck. As a result of the collision, Schwartz was injured and Dauber was killed.
The Supreme Court properly awarded MGM, Stone, and Vanity Fair summary judgment dismissing the complaints and all cross claims insofar as asserted against them. Even assuming that the delivery truck was double-parked in violation of applicable regulations, MGM, Stone, and Vanity Fair demonstrated their entitlement to judgment as a matter of law by demonstrating that the location of that vehicle was not a proximate cause of the accident (see Gerrity v Muthana, 7 NY3d 834 [2006]; Sheehan v City of New York, 40 NY2d 496, 503 [1976]; Wechter v Kelner, 40 AD3d 747 [2007]; Remy v City of New York, 36 AD3d 602 [2007]; Fermaglich v Arnone, 36 AD3d 584 [2007]; Dormena v Wallace, 282 AD2d 425 [2001]; Hyland v Calace, 244 AD2d 318 [1997]). No triable issue of fact was raised in opposition as to whether the location of the double-parked tractor-trailer was a proximate cause of the accident (see Alvarez v Prospect Hosp., 68 NY2d 320, 327 [1986]). Fisher, J.P., Dickerson, Eng and Helen, JJ., concur.