JUDITH VAZQUEZ, Respondent, v ESTEBAN PEREZ ROLDAN, Respondent, and MIGUEL A. JIMENEZ, Appellant. [927 NYS2d 608]—

The plaintiff allegedly sustained personal injuries when the motor vehicle owned and operated by the defendant Miguel A. Jimenez, in which she was a passenger, was struck by a vehicle owned and operated by the defendant Esteban Perez Roldan. Following joinder of issue and the completion of discovery, Jimenez moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The Supreme Court denied the motion. We reverse.

Jimenez established his prima facie entitlement to judgment as a matter of law by submitting admissible evidence demonstrating that his double-parked vehicle was not a proximate cause of the accident (see CPLR 3212; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Darmento v Pacific Molasses Co., 81 NY2d 985, 988 [1993]; Gerrity v Muthana, 7 NY3d 834 [2006]; Dauber v Stone, 76 AD3d 699 [2010]; Williams v City of New York, 240 AD2d 734 [1997]).

In opposition, no triable issue of fact was raised. Even assum-

ing that Jimenez's vehicle was double-parked in violation of applicable regulations, no triable issue of fact was raised as to whether the location of the double-parked vehicle was a proximate cause of the accident (*see Sheehan v City of New York,* 40 NY2d 496, 503 [1976]; *Dauber v Stone,* 76 AD3d 699 [2010]; *Wechter v Kelner,* 40 AD3d 747 [2007]; *Fermaglich v Arnone,* 36 AD3d 584 [2007]; *Dormena v Wallace,* 282 AD2d 425 [2001]).

Accordingly, the Supreme Court erred in denying Jimenez's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Mastro, J.P., Chambers, Austin and Cohen, JJ., concur.