*775 Shortly after midnight on July 16, 2003, employees of the Welsbach Electric Corp. were dispatched to remove a downed light pole on the Jackie Robinson Parkway near Woodhaven Boulevard in Queens. The workers stopped their construction trucks near the downed light pole, closed off the right lane of the westbound parkway with cones, and activated a blinking yellow merge arrow on one of their trucks. Vladimir Magliore was driving his van westbound in the right lane when he observed the cones about three car lengths ahead of him, and began to apply his brakes. Unable to merge left because of traffic, Magliore brought his van to a complete stop within the closed-off section of the right lane, approximately 10 to 15 feet behind the truck with the blinking arrow. The van had been stopped for about three seconds when it was struck in the rear by a motorcycle operated by the decedent, Luis Torres. The decedent was killed in the accident, and his passenger, Arelis Batista, was injured.
Following the accident, Batista commenced an action to recover damages for personal injuries against the City of New York. She also commenced a separate action against, among others, Welsbach Electric Corp., Welsbach Corporation, Welsbach Electric Corp. of L.I., and Welsbach Light Company (hereinafter *776 collectively the Welsbach defendants), Magliore, and Casilda Torres, as adminstratrix of the decedent’s estate. Batista’s actions were thereafter consolidated (hereinafter action No. 1).
Casilda Torres, as administratrix of the decedent’s estate and individually, commenced an action to recover damages for, inter alia, wrongful death, against the City of New York and Magliore. Magliore moved for summary judgment dismissing the complaint in that action insofar as asserted against him. In an order dated July 12, 2005, the Supreme Court granted Magliore’s motion, concluding that he had made a prima facie showing of his entitlement to judgment as a matter of law by offering evidence that his van was fully stopped for three seconds before it was struck by the decedent’s motorcycle, and that in opposition, Torres had failed to raise a triable issue of fact. Torres then commenced a separate action to recover damages for, among other things, wrongful death, against Welsbach Electric Corp. and Donlen Corporation (hereinafter together also the Welsbach defendants), which was consolidated with her pending action against the City (hereinafter action No. 2). Action No. 1 and action No. 2 were thereafter joined for trial.
Magliore subsequently moved for summary judgment dismissing the complaint and all cross claims insofar asserted against him in action No. 1, and in an order dated December 7, 2009, the Supreme Court granted the motion, concluding that the rear-end collision with a stopped vehicle established the decedent’s negligence, and that Batista had failed to present a non-negligent explanation to rebut the presumption of negligence that arises from such a collision, or raise a triable issue of fact as to whether Magliore came to a sudden stop or was otherwise comparatively negligent.
After discovery was completed, the Welsbach defendants moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in action No. 1 and action No. 2, and the City cross-moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in both actions. In support of their motions for summary judgment in both actions, the Welsbach defendants contended that while the allegedly negligent lane closure might have furnished the occasion for the accident, it was not a proximate cause of the accident, which did not occur until three seconds after Magliore’s van came to a complete stop. The City similarly contended that the lane closure was not a proximate cause of the accident, and additionally claimed that the prior court orders awarding summary judgment to Magliore precluded Batista and Torres from relitigating *777 the issue of whether the accident had been caused solely by the decedent’s negligence. In opposition, both Batista and Torres relied upon the affidavit of an engineer who opined that the failure to close off the right lane with a sufficient length of cones, and with cones that had reflectorized stripes, was a proximate cause of the accident.
In an order entered May 27, 2011, the Supreme Court granted that branch of the Welsbach defendants’ motion and that branch of the City’s cross motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in action No. 1. The court concluded that the allegedly negligent closing off of the roadway was not a proximate cause of the accident, and that the prior orders awarding summary judgment to Magliore had preclusive effect on the issue of whether the decedent’s negligence was the sole proximate cause of the accident. In a separate order entered June 7, 2011, the court granted that branch of the Welsbach defendants’ motion and that branch of the City’s cross motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in action No. 2, on essentially identical grounds.
Initially, the Supreme Court erred in finding, in essence, that the doctrine of collateral estoppel precluded Batista and Torres from litigating the issues of whether the Welsbach defendants and the City were negligent, and whether their alleged negligence was a proximate cause of the accident (see Respass v City of New York, 288 AD2d 286, 286-287 [2001]). Although the prior orders awarding summary judgment to Magliore are conclusive on the issue of whether he was free from negligence in the happening of the accident, Batista and Torres did not have a full and fair opportunity to litigate the issues of whether the Welsbach defendants and the City were negligent, and whether their alleged negligence was a proximate cause of the accident, in opposing Magliore’s motions (see Kaufman v Eli Lilly & Co., 65 NY2d 449 [1985]).
However, the Supreme Court nevertheless properly granted those branches of the motions of the Welsbach defendants and those branches of the cross motions of the City which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that their alleged negligence was not a proximate cause of the accident. In support of their respective motions, the Welsbach defendants and the City submitted uncontroverted evidence establishing that, upon observing the cones closing off the right lane, Magliore brought his van to a complete stop 10 to 15 feet behind *778 the truck with the blinking arrow, and that his van was struck in the rear by the decedent’s motorcycle approximately three seconds later. Under these circumstances, even if the manner in which the Welsbach defendants’ workers closed off the right lane of the parkway was negligent, it merely furnished the condition for the subsequent rear-end collision (see Sheehan v City of New York, 40 NY2d 496, 502 [1976]; Jablonski v Jakaitis, 85 AD3d 969, 970 [2011]; Morales v Cox, 74 AD3d 922 [2010]; Remy v City of New York, 36 AD3d 602, 603 [2007]; Saviano v City of New York, 5 AD3d 581, 582 [2004]), and was not a proximate cause of the accident, which was caused solely by the decedent’s negligence (see Blasso v Parente, 79 AD3d 923, 925 [2010]; Doria v Cassamajor, 36 AD3d 752, 753 [2007]; Hyeon Hee Park v Hi Taek Kim, 37 AD3d 416, 417 [2007]). In opposition to the prima facie showing of the Welsbach defendants and the City, Batista and Torres failed to raise a triable issue of fact. Accordingly, the Supreme Court properly entered judgment in favor of the Welsbach defendants and the City in action No. 1, and properly granted those branches of the Welsbach defendants’ motion and the City’s cross motion which were for summary judgment dismissing the complaint insofar as asserted against each of them in action No. 2. Eng, P.J., Florio, Sgroi and Miller, JJ., concur.