■ WANDA Y. COLLINS et al., Appellants, v CITY OF NEW YORK et al., Defendants, and VERIZON NEW YORK INC. et al., Respondents. [963 NYS2d 260]—

Orders, Supreme Court, New York County (Geoffrey D. Wright, J.), entered April 18, 2012, which granted the respective motions of defendants Tully Construction Co., Inc. and Verizon New York Inc. for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

This personal injury action arises out of an automobile accident between plaintiffs' car and a van owned and allegedly operated by codefendant the Department of Education (DOE). The accident occurred on West Houston Street in New York City, approaching the intersection with Varick Street. Plaintiff Wanda Collins testified that she stopped at a red light approximately four car lengths from the Varick Street intersection, and the DOE van pulled up alongside her car in the left lane. Plaintiff unequivocally stated that the van stopped approximately three or four feet before the construction site which occupied the rest of the left lane. When the light turned green, the cars ahead of plaintiff moved forward, and the DOE van merged into plaintiff's lane ahead of her car, resulting in a sideswipe collision.

Defendant Tully had contracted with defendant the City of New York to perform a reconstruction project on Houston Street. The project, which necessitated the closing of multiple lanes of traffic, required adherence to the Manual on Uniform Traffic Control Devices (MUTCD), which required a taper* of a minimum of 150 feet for each lane to be merged into another. According to photographs used at the various depositions, the taper provided by Tully was approximately two to three car lengths, and perhaps 50 feet in length—well below the minimum requirement. Plaintiffs' expert stated in an affidavit that the taper is the single most important element of the system of channeling merging traffic, that an inadequate taper will almost always produce undesirable traffic operations with resulting congestion and possible accidents through the area, and that a proper taper allows motorists time to adjust their speed and find the gaps in the adjacent traffic flow so as to merge safely into the continuing lanes.

The Supreme Court properly found that the alleged negligence of the DOE van's driver was a proximate cause of the accident. Here, as the van was stopped next to plaintiff's vehicle, the length of the taper, created by defendants Tully and Verizon, was entirely unrelated to the occurrence of the accident. As noted, the accident was caused by the alleged improper opera-

---

* MUTCD § 6C.08 (02) provides that "[t]apers are created by using a series of channelizing devices and/or pavement markings to move traffic out of or into the normal path."

tion of the DOE vehicle. There is no evidence that the van was unable to safely merge, instead of merely trying to get to the front of the line of traffic moving through the construction zone. A jury would thus be required to speculate that the taper was a proximate cause of the accident. As a result, even assuming the taper in this case did not comply with MUTCD standards, and that it may have furnished the condition or occasion for the occurrence, it was not a proximate cause of it (*see Margolin v Friedman*, 43 NY2d 982, 983 [1978]; *Anton v West Manor Constr. Corp.*, 100 AD3d 523, 524 [1st Dept 2012]; *see also Batista v City of New York*, 101 AD3d 773, 778 [2d Dept 2012]).

Verizon took advantage of Tully's construction site to perform emergency repair work, and its truck was parked within the work zone. However, even assuming its workers moved traffic barricades and other placement devices in the work zone when they deemed it necessary, the fact that the taper was not a proximate cause of this accident puts Verizon in the same position as Tully and entitles it to summary judgment. Concur— Andrias, J.P., Sweeny, Freedman, Feinman and Gische, JJ.

