■ BYUNG H. LEE et al., Appellants, v D. DANIELS CONTRACTING, LTD., et al., Respondents. [978 NYS2d 908]—

The instant action arises out of a motor vehicle accident that occurred on the night of October 24, 2008, when the plaintiff Byung H. Lee (hereinafter the injured plaintiff), who was driving his vehicle northbound on Cross Bay Boulevard, struck a garbage truck owned by the defendant D. Daniels Contracting, Ltd., and operated by the defendant Sean G. Prise. Prise had been in the process of picking up garbage from a property owned by the defendant Call-A-Head Corp., and had parked the truck in such a fashion that it was facing westward and blocking the right lane of the roadway on which the plaintiff was traveling. The plaintiff testified at his deposition that he first saw the truck only a second before he struck it. The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, alleging that they were not liable for the happening of the accident since the sole proximate cause of the accident was the plaintiff's failure to see that which he should have seen.

The Supreme Court properly granted the defendants' motions. Although the issue of proximate cause is generally one for the jury (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]), liability may not be imposed upon a party who "merely furnished the condition or occasion for the occurrence of the event" but was not one of its causes (*Sheehan v City of New York*, 40 NY2d 496, 503 [1976]; *see Batista v City of New York*, 101 AD2d 773, 778 [2012]; *Shatz v Kutshers Country Club*, 247 AD2d 375 [1998]; *Williams v Envelope Tr. Corp.*, 186 AD2d 797, 798 [1992]). Here, the defendants demonstrated their entitlement to judgment as a matter of law by presenting evidentiary proof that Prise's conduct in stopping his truck partially in the roadway merely furnished the condition for the accident, but was not a proximate cause thereof (*see Sheehan v City of New York*, 40 NY2d at 503; *Batista v City of New York*, 101 AD3d at 778; *Siegel v Boedigheimer*, 294 AD2d 560, 562 [2002]; *Haylett v New York City Tr. Auth.*, 251 AD2d 373 [1998]; *Marsella v Sound Distrib. Corp.*, 248 AD2d 683, 684 [1998]; *Gleason v Reynolds Leasing Corp.*, 227 AD2d 375, 376 [1996]). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' contention that the motions were premature (*see* CPLR 3212 [f]) is without merit. Rivera, J.P., Hall, Roman and Miller, JJ., concur.