■ TYRONE LITTLES, Appellant, v YORKSHIRE BUSINESS CORP. et al., Defendants, and FRITO-LAY, INC., Respondent. [979 NYS2d 840]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated March 6, 2012, as granted that branch of the motion of the defendant Frito-Lay, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contentions, the Supreme Court correctly granted that branch of the motion of the defendant Frito-Lay, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it. Although the issue of proximate cause is generally one for the jury (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 314-315 [1980]), liability may not be imposed upon a party who merely furnished the condition or occasion for the occurrence of an event, but was not one of its causes (see Castillo v Amjack Leasing Corp., 84 AD3d

1298 [2011]; *Wechter v Kelner*, 40 AD3d 747 [2007]; *Saviano v City of New York*, 5 AD3d 581 [2004]; *Williams v Envelope Tr. Corp.*, 186 AD2d 797, 798 [1992]). Here, Frito-Lay, Inc., demonstrated its prima facie entitlement to judgment as a matter of law by presenting evidentiary proof that the location of its parked truck at the time of the subject accident merely furnished the condition or occasion for the subject accident, and was not a proximate cause of the plaintiff's injuries (*see Wechter v Kelner*, 40 AD3d at 747; *Haylett v New York City Tr. Auth.*, 251 AD2d 373, 374 [1998]; *Williams v Envelope Tr. Corp.*, 186 AD2d at 797). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert was insufficient to raise a triable issue of fact, as it was conclusory and speculative (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]; *Courtney v Port Auth. of N.Y. & N.J.*, 34 AD3d 716 [2006]). Skelos, J.P., Dillon, Hall and Roman, JJ., concur.