█ JENNIFER MONTALVO, an Infant, by Her Mother and Natural Guardian, GRACIELA PEREZ, et al., Appellants, v UNITED PARCEL SERVICE, INC., et al., Respondents, et al., Defendant. [986 NYS2d 551]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated May 10, 2013, as granted that branch of the motion of the defendants United Parcel Service, Inc., United Parcel Service General Services, Co., and Michael Diaz which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 14, 2010, Jennifer Montalvo, the then-17-year-old plaintiff (hereinafter the injured plaintiff) was injured while riding as a passenger on a 2009 Can-Am Spyder Roadster, a motorcycle-type vehicle with two front wheels and one rear wheel, that was operated by the defendant Nelson Cruz. Immediately before the accident, Cruz had stopped the vehicle at a red light located at the intersection of Graham Avenue and Cook Street in Brooklyn. When the light turned green, he engaged the throttle to move forward, and the handlebars locked in a position turning to the right. Due to the movement of the vehicle, the injured plaintiff, who was sitting directly behind Cruz, extended her right leg, which then struck the rear of a truck that the defendant Michael Diaz, an employee of the defendant United Parcel Service, Inc., had parked on the right side of the roadway. The injured plaintiff, by her mother, and the mother, individually, commenced this action against United Parcel Service, Inc., the related United Parcel Service General Services, Co., and Diaz (hereinafter collectively the UPS defendants), as well as Cruz. Following joinder of issue and the completion of discovery, the UPS defendants moved for summary judgment dismissing the complaint and all cross claims insofar as

asserted against them. As is relevant here, the Supreme Court granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the UPS defendants. The plaintiffs appeal.

Contrary to the plaintiffs' contentions, the Supreme Court properly granted that branch of the UPS defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. In support of their motion, the UPS defendants submitted, inter alia, the injured plaintiff's deposition transcript, as well as the deposition transcripts of Diaz and Cruz. Although the unsigned and uncertified transcript of the injured plaintiff's deposition was inadmissible (*see Pavane v Marte*, 109 AD3d 970, 971 [2013]), the transcripts of the Diaz and Cruz depositions, while unsigned, were certified by the stenographer, and were thus admissible and properly considered by the Supreme Court (*see id.; David v Chong Sun Lee*, 106 AD3d 1044, 1045 [2013]).

The UPS defendants demonstrated their prima facie entitlement to judgment as a matter of law by presenting evidentiary proof that the location of their parked truck at the time of the subject accident merely furnished the condition or occasion for the subject accident, and was not a proximate cause of it (*see Sheehan v City of New York*, 40 NY2d 496, 502 [1976]; *Littles v Yorkshire Bus. Corp.*, 114 AD3d 646 [2014]; *Lee v D. Daniels Contr., Ltd.*, 113 AD3d 824, 825 [2014]; *Batista v City of New York*, 101 AD3d 773, 777-778 [2012]; *Vazquez v Roldan*, 86 AD3d 640, 641 [2011]; *Peralta v Manzo*, 74 AD3d 1307, 1308-1309 [2010]; *Wechter v Kelner*, 40 AD3d 747, 748 [2007]; *Rodriguez v Hernandez*, 37 AD3d 809, 810 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Gerrity v Muthana*, 7 NY3d 834, 835-836 [2006]; *Sheehan v City of New York*, 40 NY2d at 496; *Vazquez v Roldan*, 86 AD3d at 641). Dillon, J.P., Leventhal, Sgroi and Maltese, JJ., concur.