Reeves v Wilson (2023 NY Slip Op 01698)

Reeves v Wilson

2023 NY Slip Op 01698

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-06685
 (Index No. 500114/19)

[*1]Kareem Reeves, respondent, 
v
Jaloni Wilson, et al., defendants, Iris Lopez, appellant.

Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Sabaj Law, P.C. (Steven L. Rosenberg, Piermont, NY [Anthony Matturro], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Iris Lopez appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated August 5, 2020. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Iris Lopez which was for summary judgment dismissing the complaint insofar as asserted against her is granted.
The plaintiff allegedly was injured when a vehicle he was driving collided, near an intersection, with a vehicle driven by the defendant Jaloni Wilson. The plaintiff and Wilson each asserted that the other drove into the intersection against a red light. The plaintiff alleged that the impact of this collision further caused his vehicle to come into contact with three parked vehicles, one of which was owned by the defendant Iris Lopez.
The plaintiff commenced this personal injury action against Wilson, Lopez, and another defendant. Prior to the completion of discovery, Lopez moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her. In an order dated August 5, 2020, the Supreme Court, among other things, denied that branch of the motion, and Lopez appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Kirby v Lett, 208 AD3d 1174, 1175 [internal quotation marks omitted]; see Boulos v Lerner-Harrington, 124 AD3d 709). "An accident can have more than one proximate cause, and although it is generally for the trier of fact to determine the issue of proximate cause, it may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Kirby v Lett, 208 AD3d at 1175 [internal quotation marks omitted]; see Fox v Murgolo, 191 AD3d 765).
Here, Lopez established her prima facie entitlement to judgment as a matter of law [*2]by demonstrating that she was not at fault in the happening of the accident (see Montalvo v United Parcel Serv., Inc., 117 AD3d 1004, 1005; Vazquez v Roldan, 86 AD3d 640). In support of her motion, Lopez submitted her affidavit in which she averred that, at the time of the accident, she was indoors and her vehicle was parked along the curb.
In opposition, the plaintiff failed to raise a triable issue of fact. Even assuming, as the plaintiff alleges, that Lopez's vehicle was parked in violation of applicable regulations, no triable issue of fact was raised as to whether the location of the parked vehicle was a proximate cause of the accident (see Montalvo v United Parcel Serv., Inc., 117 AD3d at 1005; Vazquez v Roldan, 86 AD3d at 640-641; Dauber v Stone, 76 AD3d 699, 701). Indeed, the plaintiff admitted in an affidavit that it was the impact of Wilson's vehicle striking his vehicle that caused his vehicle to come into contact with Lopez's vehicle.
The plaintiff further argued that the motion was premature. "To defeat a motion for summary judgment based on outstanding discovery, it is incumbent upon the opposing party to provide an evidentiary basis to suggest that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were in the exclusive knowledge and control of the moving party" (Rodriguez v Gutierrez, 138 AD3d 964, 968; see Sapienza v Harrison, 191 AD3d 1028). Here, the plaintiff failed to demonstrate how further discovery may reveal or lead to additional relevant evidence (see Sapienza v Harrison, 191 AD3d 1028; Rodriguez v Gutierrez, 138 AD3d at 968).
Accordingly, the Supreme Court should have granted that branch of Lopez's motion which was for summary judgment dismissing the complaint insofar as asserted against her.
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court